## GEORGE B. CHURCH *v.* ALANSON G. CHAPIN.

*Conveyances void as to Creditors. Consideration. Judgment.*

The conveyance by a debtor of all his attachable property for not more than half its value, is void as to existing creditors, on the ground of inadequacy of consideration.

Neither does the fact that the grantee engages, as an additional consideration of the grant, to support the grantor during life, render the conveyance valid as to creditors.

*Quere,* whether the agreement by the grantee with the grantor to pay to a third person a sum equivalent to the value of the property conveyed, (which sum the grantor designs as a gift to such third person,) constitutes a valid consideration for the conveyance of all the grantor's attachable property, as against his creditors.

The question whether a debtor who conveys property without such a consideration as is valid against creditors, reserves sufficient property for the payment of his existing debts, so as to prevent the conveyance from being void, depends on the amount and nature of the property, in connection with its character and situation, in reference to the facilities it affords creditors for collecting their debts.

The reservation by the debtor merely of cash on hand and debts due him from out of the state, so that they can not be attached by the trustee process, though amounting in the aggregate to the sum of his debts, will not suffice to render valid a conveyance which, without any reservation of property, would have been invalid as to creditors.

In order to entitle a creditor to impeach a conveyance of his debtor for want of sufficient consideration, where there is no fraud, it must appear that he

was a creditor at the time of the conveyance, and a judgment in his favor against the grantor, founded on a debt due at that time, is not conclusive against the grantee, unless he was a party to it directly, or appeared and defended the case in his own behalf to protect the property conveyed to him.

A judgment is conclusive, even between the parties, only of such facts as must have been found, in order to warrant the judgment.

EJECTMENT. The plaintiff claimed title under a warranty deed from one Fortin Church to him, dated October 29th, 1855.

The defendant offered in evidence certified copies of the record of a judgment in favor of one Deborah Church against Fortin Church, rendered in 1858, for $524.50, for which sum execution issued May 4th, 1858; also, a copy of this execution and the officer's return thereon, showing a levy of the same upon the premises in question; also, a warranty deed from Deborah Church to the defendant Chapin, dated April 4th, 1859, to all of which the plaintiff objected, but the court admitted them, and the plaintiff excepted.

It appeared in evidence that at the date of the deed from Fortin Church to the plaintiff, Fortin Church was a single man, without issue, and of about sixty-four years of age; that at the time of the execution of the deed, Fortin Church also executed, under seal, a bill of sale to the plaintiff of all his personal property, except clothing, cash on hand and debts due; and at the same time the plaintiff executed to Fortin Church a mortgage deed of all the real estate described in the deed of Fortin Church to the plaintiff, conditioned for the payment of certain debts of Fortin Church, amounting to about $850, for the payment to certain nephews and neices of the said Fortin, (twenty-eight in number,) of $100 each, and for the maintenance, care and support of the said Fortin Church during his natural life. The plaintiff was a nephew of Fortin Church, and immediately took possession of the personal property conveyed, and entered upon the support of Fortin Church. The conditions named in the mortgage constituted the consideration of said conveyance. There was no provision that the plaintiff should pay the debt of Deborah Church, nor any evidence that the plaintiff or Fortin Church at the time of the conveyance

supposed she had a debt against Fortin Church; but they were both aware that she claimed that Fortin Church was indebted to her, and that was a subject of conversation between Fortin Church and the plaintiff at the time.

It appeared that said judgment was recovered for the personal services of Deborah Church for Fortin Church as his house-keeper from 1850 to the spring of 1855; that Deborah was a single woman of between fifty and sixty years of age, without any other home, and that the plaintiff, though knowing to the fact of Deborah Church's working for Fortin Church, supposed that she was making it her home with her brother, Fortin Church, and did not suppose that she was at work for pay. There was no evidence tending to show that said conveyance was made for the purpose of defrauding Deborah Church, or that there was any intentional fraud on the part of the plaintiff or Fortin Church.

The plaintiff offered evidence to prove that at the time of the conveyance to him no actual indebtedness to Deborah Church from Fortin Church existed, to which the defendant objected. The court rejected the evidence, to which the plaintiff excepted.

It appeared in this connection that Deborah Church's suit was commenced in August, 1856, and was defended throughout by the plaintiff, as agent of Fortin Church, and in consequence of his taking the conveyance of Fortin Church's property.

It appeared that at the time of the conveyance from Fortin Church to the plaintiff, the cash on hand and debts due, reserved by Fortin Church in said bill of sale, consisted of $100 cash on hand, a debt of about $200 against one Bardwell, of Walpole, New Hampshire, a note of $75 against James Church, of Towns-hend, Vermont, notes against the Stones, of Westminster, Vermont, of about $300, a note against one Sawtell, of Bellows Falls, of about $400, and notes against men by the name of Phillips, in the state of New York, then amounting to about $1100. All of these debts were considered good except the note against Sawtell. The notes against the Phillipses were secured by mortgage in New York, and were intended to be made a gift to the sons of his sister, their mother, by Fortin Church, and were soon after so disposed of. The plaintiff had

15

nothing to do with these debts due or cash on hand, except that it appeared that there were other debts against Fortin Church, amounting to about $200, not mentioned in said mortgage, which the plaintiff afterwards paid at Fortin Church's request, and Fortin Church gave him notes sufficient to pay him for so doing. It appeared that it was the understanding between the plaintiff and Fortin Church that the plaintiff was to have all of Fortin Church's personal property at Fortin's decease, and they supposed the last clause in the bill of sale was sufficient to convey said debts and personal property at Fortin Church's decease.

The court intimated an opinion to the plaintiff's counsel that the conveyance to the plaintiff by Fortin Church, being a disposition of his property to collateral relations, and to secure his own maintenance, must be treated, in law, as a voluntary conveyance, and that as the claim of Deborah Church existed prior to the conveyance and was known to both parties, and subsequently matured into a judgment after full defence made by the plaintiff, it became conclusively, as to him, a prior existing debt of the grantor, which would render the conveyance inoperative as to her, notwithstanding the plaintiff might have acted in perfect good faith in the whole transaction, and that the amount and kind of property retained by the grantor, as above stated, could not be properly regarded as an ample proportion of his estate for the security and indemnification of his creditors, and that the title of Deborah Church thus acquired must be regarded as paramount to that of the plaintiff. Whereupon the court directed a verdict for the defendant, and the plaintiff excepted to the foregoing decision.

*Stoughton & Graut,* for the plaintiff.

*P. T. Washburn,* for the defendants.

PECK, J. The question in this case is which of these parties acquired the better title from Fortin Church. The plaintiff shows title by deed from Fortin Church, dated October 29th, 1855. The defendant shows title by levy of an execution in favor of Deborah Church against Fortin Church, in 1858, for

between $500 and $600, issued on a judgment recovered in 1858, in a suit commenced in 1856, and by deed from Deborah Church to the defendant, dated April 4th, 1859. Nothing appears invalidating the deed to the plaintiff as against Fortin Church. The question is whether it is good against his credit-ors, or rather against the creditor under whose levy the defen-dant claims. The case finds that in the execution of the deed to the plaintiff there was no fraud in fact, or actual intent to defraud creditors generally, or to defraud this particular cred-itor. Assuming for the present that Deborah Church was a creditor of Fortin Church in respect of the debt or claim for which she levied, at the date of Fortin Church's deed to the plaintiff, the question arises whether upon the facts stated in the exceptions, the amount, nature and character of the considera-tion of that deed was such as to render it valid against Deborah Church as such creditor, or whether as to her and the defendant who has her title, it is to be treated, as the county court treated it, as a voluntary conveyance and inoperative against her levy. On reference to the judge's minutes of the testimony referred to, and the deed and bill of sale, it appears that the amount of pro-perty conveyed to the plaintiff by Fortin Church on that occa-sion was, in round numbers, from $7,000 to $10,000. The consideration for this property is all expressed in the mortgage deed from the plaintiff to Fortin Church, from which it appears that the plaintiff was to pay certain specified debts of his grantor, amounting to about $850, and pay to the children of certain per-sons named $100 each, as they should respectively arrive at the age of twenty-one years, and also support Fortin Church during his natural life. It appears there were twenty-eight of these children, who were the nephews and nieces of the plaintiff's grantor. If the $850 and the $2800 constituted the whole consideration for this property, it would be regarded as so far below the real value of the property as to render the conveyance void as against existing creditors, on the ground of inadequacy of consideration. A debtor can not give away his property, and thereby deprive his creditors of all means of collecting their debts. He must be just before he is generous; or in other words, he must not be generous at the expense of justice to his

creditors. If such is the effect the gift is void as to creditors. Nor can this principle be avoided by having a partial consideration. In such case the gift is equally void, at least to the extent of the want of consideration. But in this case there is a further consideration, the agreement of the plaintiff to support the grantor during life. The amount or value of this part of the consideration is in its nature so uncertain, depending so much on future contingencies, the duration of life and the future wants and requirements of the grantor, that it can not be assumed that the consideration was inadequate in amount. The question must turn upon the character of the consideration. The $850 which the plaintiff agreed to pay to the two creditors named in the mortgage deed can not be objected to as to its character; and although the grantor in this disposition of his property made no provision for the payment of the debt to Deborah Church, she can not set aside that deed on the ground that the grantor gave preference to other creditors. Whether the $2800 the plaintiff agreed to pay to the collateral relatives of the grantor should also be so considered, is not so clear. On the one hand it may be said that although it was a gift as between such relatives and the grantor, yet as between him and the plaintiff it was to be a payment, and that the want of consideration as between the plaintiff's grantor and the persons to whom the grantor required the plaintiff to make the payment, can not affect the deed. On the other hand it may be said that as the plaintiff was a party to this arrangement by which this grantor was giving away this portion of the consideration of the deed, and not having paid or legally bound himself to the donees to pay to them, he ought not to be allowed to stand upon this agreement with the grantor, and thus perfect the gift to the detriment of creditors, a gift which the grantor, as to creditors, had no right to make. But we do not find it necessary to decide whether this agreement to pay the $2800 in the manner stipulated, is a good consideration to that amount as against creditors or not, because the remaining portion of the consideration, the agreement for support for life, is not of such a character as will sustain the deed if the creditors are thereby deprived of the means of collecting their debts. It is true that as between the parties to the

Church *v.* Chapin.

deed it is a valuable consideration, and in this respect a deed founded on it differs from a gift; but as to creditors it is not different from a deed of gift, It has long been settled that a party can not either by gift or in consideration of an agreement for support for life, convey his property without reserving what is amply sufficient for the payment of his then existing debts. If we allow the plaintiff the benefit of the $850 and the $2800, as a good consideration to that extent, there is still, at the lowest estimate of the property, between $3,000 and $4,000 of the consideration accounted for in no other way than by the agreement for support. Where there is a partial, but not a full consideration good against creditors, whether the deed is voidable *in toto,* or only to the extent of the want of consideration, is a question not material in this case, as the amount of the consideration resting on the agreement for support exceeds the amount of the levy in question. The levy must prevail over the deed, unless the property of the grantor not conveyed is sufficient to prevent that result.

A creditor has no right to impeach a conveyance of his debtor on the ground that it was voluntary, or without sufficient consideration, unless it would operate, if allowed to stand, to his detriment in the collection of his debt. The debtor is bound to reserve property ample for the payment of his debts. Whether the property reserved is what will be deemed ample for this purpose does not depend entirely on the amount and value, as the real end to be accomplished is, that the deed or conveyance shall not deprive creditors of the means of collecting their debts. Hence the nature and situation of the property is to be regarded as well as the amount and value, in view of the facilities the creditors have left for the collection of their debts. In this case the debtor conveyed all his property except $100 cash on hand, and debts due him. These debts amounted nominally to $2,075, due from various individuals. The debt of $400 against Sawtell may be thrown out, as Sawtell had failed and become insolvent. This leaves the amount due the grantor $1,675. In relation to the Phillips debt of $1,100 and the Bardwell debt of $200, the debtors resided out of this state, so that they could not be reached by process in this state; as debts due from persons residing out

of the state are not attachable by trustee process, except in some particular cases. The cash on hand was in point of law liable to attachment if so situated that an officer could obtain possession of it without committing a trespass on the person of the owner; but it is not probable that it would be accessible for the purposes of attachment so as to be available to a creditor, especially as the amount was so small. Deducting the $400 debt as worth-less, there was but $375 of the debts reserved by the grantor that was attachable, and that only by trustee process. The grantor owed about $200 besides this debt for which the levy was made and the debts the plaintiff agreed to pay. This $200 the plaintiff paid, and it was repaid to him out of the debts the grantor reserved. There is another fact stated worthy of con-sideration ; that is, at the time Fortin Church made the convey-ance in question, it was his purpose to give the $1,100 debt to certain collateral relations in the state of New York, where the debtor resided, and it was soon after so disposed of. The bill of sale to the plaintiff also professed to transfer all the personal property that Fortin Church might own at his decease, and the parties so understood its legal effect. The rule that a party who conveys his property without sufficient consideration, such as will be valid against creditors, must reserve property ample for the payment of his existing debts, is from its nature somewhat general and indefinite ; and whether sufficient is reserved in a given case to answer this purpose, depends, as already stated, on the amount and nature, in connection with the character and situation, of the property in reference to the facilities it affords the creditors for collecting their debts. We think upon all the facts appearing in this case the conveyance must be regarded as invalid as against the levying creditor, if she was a creditor at the time of this conveyance, in respect of this debt. This con-clusion is the more just since it appears that the grantee knew at the time he took the conveyance, that this creditor had ren-dered services for the grantor, and that she claimed he was indebted to her for such services, and yet he took the deed and bill of sale without any provision for the payment of this debt.

The only remaining question is whether the county court erred in excluding certain evidence offered by the plaintiff. The case

states that "the plaintiff offered evidence to prove that at the time of said conveyance to him, no actual indebtedness to said Deborah Church from said Fortin Church existed " which was excluded by the court. If this offer is to be construed as an offer merely to show the time when the debt accrued, and that it accrued subsequent to the conveyance, the decision was erroneous, as the evidence would not necessarily tend to impeach the judgment. A judgment, even between the same parties, is conclusive only of such facts as must have been found to warrant the judgment. This judgment may be correct, and yet the debt not have existed till after the conveyance. But we do not so understand the offer. The offer evidently was to show that no debt ever existed on which the recovery was had, for the exceptions state that it *appeared* that the judgment was recovered for the services of Deborah Church (Fortin Church's sister) as his house-keeper from 1850 to the spring of 1855. The deed was not executed till October 1855. The offer therefore must be understood as an offer to show that the judgment was founded on no actual indebtedness, and not an offer to prove that the debt accrued after the conveyance. The evidence offered tended directly to impeach the judgment. The judgment is clearly conclusive on this point upon Fortin Church. But in order to entitle a creditor to impeach a conveyance of his debtor for want of sufficient consideration where there is no fraud, it must appear that he was a creditor, and a judgment in his favor against the grantor is not conclusive against the grantee who is no party to it. He may, as a general rule, show that the judgment was collusive, and not founded on an actual indebtedness or liability. But in this case the plaintiff can not be regarded as a stranger to the judgment, as it appears that the suit was defended by this plaintiff not only as agent of Fortin Church, but also in his own behalf to protect the property conveyed to him by the defendant in that suit. Under such circumstances the plaintiff can not be permitted again to try the question of indebtedness. He is bound by the result of that suit.

The judgment of the county court is affirmed.