Mr. Justice DAVIS
 

 delivered the opinion of the court.
 

 It is unnecessary to discuss filie question whether the settlement made, in view of actual separation, could be upheld or not in the condition o.f the husband’s affairs, because this case must-turn on what occurred afterwards. All, the elements of value which entered into the composition of the first agreement’ ceased to exis't when the parties became reconciled. The marital relations were resumed on the basis of mutual forgiveness for past misconduct, and the
 
 *34
 
 wife became eutitled to support from-her husband and to dower in his estate. These rights of the wife'had been relinquished in the first contract, and this relinquishment was the only consideration to support it. The withdrawal of .the consideration left'the notes without any element of value in them; and the execution of the new contract, followed by cohabitation, placed the parties exactly where, they would have been if there had been no sepaVation. The notes thus became a voluntary gift, and it can make no difference in their character that they are reserved as a separate estate .to the wife. It is not a question in the case whether, as between the parties, they could not be enforced. The question is whether a husband, at the time- largely indebted, can make a voluntary'donation'or even voluntary conveyance to his wife to the prejudice of his creditors. An attempt is made to show that Meyer received from his wife a considerable amount of money obtained- by her from her first husband’s estate, and that this formed part of the consideration of the settlement when they separated; but there is no evidence of any value -to prove such a state of.things. Besides, the articles of separation decide this point against the wife,, as no notice is taken of.it, aii'd it is h,ardly possible, if the fact were as claimed, that on such an occasion it would not have been mentioned.
 

 In this controversy, therefore, with creditors, the gift must ■be treated as purely voluntary; a gift being, nothing more than the transfer of property without consideration.
 

 We could not profitabty add anything to what has been .so well said by the district judge in his opinion in this ease on the subjeet'o'f the indebtedness and property of Meyer at the time'of the settlement upon his wife. On a careful consideration of the whole evidence we are satisfied that the value of the property was not materially different from the ‘estimate he put upon it. If he erred at all in this estimate it was within a very narrow limit. The'homestead on which the notes were secured was the only piece of real estate of any consequence owned by Meyer, and witnesses differed as to its value, but the opinion of one was sustained by what
 
 *35
 
 it brought at the sale, which wa3 the criterion of value adopted by the District Court. In this he may have been mistaken, but if so, the mistake was within the limits of $2000, which the Circuit Court thought was about the worth of the property. Outside of'the homestead the assets of .Meyer were uncertain, but they did not exceed, if they equalled, the estimate of the District Court. The conclusion reached by that court, after going into particulars, was that the estate of Meyer could not have exceeded the sum of $16,132. Deducting from this the sum of $7000 paid, and agreed to be paid, to the wife, would leave $9132 to meet, debts confessedly due, amounting to $9306.
 

 Surely the voluntary provision for the wife, in such a condition of things, is not sustainable against existing creditors. Nor can it be supported ou the theory that the whole estate was worth a few thousand dollars more.. Suppose it was, th,ere would still be that extent of embarrassment, which would have a direct tendency to impair the rights of creditors. In such a case a presumption of constructive fraud is created, no matter what the motive which prompted the settlement. Meyer was not only largely indebted for a person in his situation, but it is- easy to see it would have been close work for his creditors to have made their debts, if they had tried to enforce their collection by judicial process, a surer way of ascertaining the real worth of the property than by the opinions of indifferent persons, as experience has proved that this kind of testimony is often unreliable on such a subject. The ancient' rule, that a voluntary post-nuptial settlement can be avoided, if there was some indebtedness existing, has been relaxed, and the rule generally adopted in this country at the present time, will uphold it, if it be reasonable, not disproportionate to the husband’s means, taking into view his debts and situation, and clear of any intent, actual or constructive, to defraud creditors.
 
 *
 

 Testing this settlement by this rule, it must be taken to
 
 *36
 
 be in bad faith towards existing creditors, as, clearly, it was out of all proportion to the means of the husband, considering his state and condition, and seriously imp'airs his ability to respond to the demands of his creditors.
 

 It is well settled, where a deed is set aside as void as to existing creditors, that all the creditors, prior and subsequent, share in the fund
 
 pro rala
 

 *
 

 We have considered the contract in this case as if it were executed, because no point is made by the respondents that it is executory, and the case has been argued by both sides •on the theory that the law applicable to an executed contract of this sort applied, to the one in controversy. It may well be doubted whether in any case a mere promise by the husband, without consideration, to pay money to the wife at a future time, can be enforced against the claims of creditors.
 

 Decree affirmed.
 

 *
 

 See the note to Sexton
 
 v.
 
 Wheaton, 1 American Leading Cases, 5th edition, page 37, where the law on this subject is fully considered.
 

 *
 

 Magawley’s Trust, 5 De Gex & Smales, 1; Richardson v. Smallwood, Jacob, 552-558; Savage v. Murphy, 34 New- York, 508; Hey v. Niswanger, Harper’s Equity, 295; Robinson
 
 v.
 
 Stewart, 10 New York (6 Selden), 189; Thompson v. Dougherty, 12 Sergeant & Rawle, 448, 455, 458; Hoke v. Henderson, 3 Devereux, 12-14; Kissam v. Edmundson, 1 Iredell’s Equity, 180; Sexton
 
 v.
 
 Wheaton, 1 American Leading Cases, 45; Norton v. Norton, 5 Cushing, 529; O’Daniel v. Crawford, 4 Devereux, 197-204; Reade v. Livingston, 3 Johnson’s Chancery, 481-499; Townshend v. Windham, 2 Vesey, 10; Jenkyn v. Vaughan, 3 Drewry, 419-424.