ALFRED D. DAY & others *vs.* CHARLES E. COOLEY.

Hampden. Sept. 28. — Oct. 25, 1875. AMES & DEVENS, JJ., absent.

On the issue whether a conveyance of land was in fraud of creditors, the grantor was called as a witness by the party seeking to impeach the conveyance, and the effect of his testimony was to negative any fraudulent intent. He was then asked whether he had not, subsequently to the conveyance, made certain statements to persons named, the effect of which was that he had made the conveyance to prevent the land being attached by his creditors. The witness denied making the statements inquired of. *Held,* that, under the St. of 1869, *c.* 425, evidence was admissible to show that he had made such statements, not as evidence of the truth of the statements, but to contradict the previous testimony of the witness.

A conveyance of land made with a fraudulent intent, which is participated in by the grantee, may be avoided as well by subsequent as by previous creditors.

It is within the discretion of the judge presiding at a trial to refuse to give, in the language of counsel, instructions already given in substance.

WRIT OF ENTRY, dated February 18, 1874, to recover a parcel of land in Springfield. Plea, *nul disseisin.* Trial in the Superior Court, before *Brigham,* C. J., who allowed a bill of exceptions in substance as follows :

The demandants contended that the premises were fraudulently conveyed to the tenant by his father, Edward Cooley, on May 20,

1872, and claimed title under a deed from a deputy sheriff, upon a sale of the premises at auction, by virtue of an execution issued upon a judgment recovered by them against Edward Cooley, at October term 1873, of the Superior Court, in a suit in which the premises were specially attached as the property of said Edward.

Edward Cooley was called as a witness by the demandants, and the substance and effect of his testimony was to negative all fraudulent intent and purpose in making the conveyance to the tenant. He was then asked by the demandants' counsel whether, subsequently to the conveyance, he had not made statements to certain persons named, creditors who attached the premises in dispute, the particulars of which statements were specified, the substance and effect of which was that he had sold his house to prevent its being attached by his creditors, and should have it back in his own hands at some future time. The witness denied ever having made the statements inquired of. The demandants then called the persons named, and proposed to prove by them that Edward Cooley had made to them, subsequently to the conveyance, statements of the substance and effect aforesaid. No objection was made that the occasions of the statements were not sufficiently designated under the St. of 1869, *c.* 425. The tenants objected to the admissibility of this testimony, but the judge ruled that under the statute this evidence was competent, and admitted it, not as evidence of the truth of the statements, but to contradict the previous testimony of the witness, and duly instructed the jury as to the effect which should be given it.

It appeared in evidence that, included in the demandants' judgment, were items of account to the amount of about $160, contracted after the conveyance of Edward Cooley to the tenant, and after it was known by the demandants. The tenant asked the judge to instruct the jury, that, inasmuch as the demandants had mingled in their judgment debts contracted after the alleged fraudulent conveyance with debts contracted before, they were to be treated as subsequent creditors ; and in order to impeach this conveyance for fraud they must show that it was made with an intent to contract subsequent debts to the demandants, and to avoid payment of the same by this conveyance. The judge declined to give this instruction.

The judge instructed the jury that they must be satisfied by a preponderance of evidence, not only that Edward Cooley had a fraudulent purpose in making the conveyance to the tenant, but that the tenant himself participated in that fraud; and that among the circumstances which furnish appropriate evidence of such fraudulent purpose were certain ones named, and extraordinary circumstances of any kind in the transaction on the part of the person making, or on the part of the person receiving, the conveyance, more or less known to each or likely to be so known from their relation to each other, or which might have been known to each if they had made such inquiries as such persons of ordinary prudence and caution would ordinarily make, or persons having their relation to each other would ordinarily make in conducting transactions or business of a similar character.

The tenant requested the judge to instruct the jury that it was not sufficient that the tenant had knowledge enough of his father's affairs to put him upon inquiry in regard to his intentions in this conveyance to charge him with participation in the fraud. The judge declined to give this instruction or modify the instruction above stated. The jury returned a verdict for the demandants; and the tenant alleged exceptions.

*H. Morris*, for the tenant.

*G. M. Stearns*, for the demandants.

MORTON, J. The court is of opinion that none of the exceptions taken by the tenant can be sustained.

1. The main issue in the case was whether the premises were fraudulently conveyed by Edward Cooley to the tenant. The demandants called said Edward Cooley as a witness, and he testified in substance that he had no fraudulent intent or purpose in making the conveyance to the tenant. This evidence was relevant and material. If the witness had been introduced by the other party it clearly would have been competent for the demandants to impeach his credit by showing that he had made contradictory statements at other times. Under these circumstances, the St. of 1869, *c.* 425, gives to the party producing the witness the right to contradict him by proving "that he has made at other times statements inconsistent with his present testimony." *Ryerson* v. *Abington*, 102 Mass. 526, and cases cited.

The conditions upon which the statute permits the introduction of such testimony were complied with in this case, and the jury were carefully instructed that the testimony was competent, "not as evidence of the truth of the statements, but to contradict the previous testimony of the witness." For this purpose it was rightly admitted.

2. It appeared that a part of the debt included in the demandants' judgment was contracted after the conveyance to the tenant, and in view of this fact the tenant asked the court to instruct the jury that the demandants "were to be treated as subsequent creditors; and in order to impeach this conveyance for fraud they must show that it was made with an intent to contract subsequent debts to the demandants, and to avoid payment of the same by this conveyance." This instruction was rightly refused.

This is not a case of a voluntary conveyance which would be good against subsequent creditors if not tainted with any fraud. The jury have found that the conveyance to the tenant was made with a fraudulent purpose. The instruction requested is based upon the assumption that the only ground upon which subsequent creditors can impeach a conveyance by their debtor, is that it is made with the specific intent to contract future debts to them and avoid the payment of the same. This is not the law. It is well settled that if a debtor makes a conveyance with the purpose of defrauding either existing or future creditors, it may be impeached by either class of creditors, or by an assignee in insolvency or bankruptcy who represents both. *Parkman* v. *Welch*, 19 Pick. 231. *Thacher* v. *Phinney*, 7 Allen, 146. *Winchester* v. *Charter*, 12 Allen, 606. *Wadsworth* v. *Williams*, 100 Mass. 126. As it was proved in this case that the grantor had an actual fraudulent design which was participated in by the grantee, it is immaterial whether the demandants are to be regarded as subsequent or existing creditors as to the conveyance.

3. After the charge to the jury, the tenant requested the court "to instruct the jury that it was not sufficient that the tenant had knowledge enough of his father's affairs to put him upon inquiry in regard to his intentions in this conveyance to charge him with participation in the fraud." The presiding judge in his charge had already instructed the jury that the demandants must prove that both the grantor and the grantee had a fraudu-

lent purpose in the conveyance. He had properly referred to various circumstances in evidence, among which were the relation of the parties and their knowledge of each other's affairs, as bearing upon the question of fraud, and had left it to the jury to determine, upon all the evidence, whether such fraudulent purpose was proved. The instructions excluded the idea that it was sufficient to show that the circumstances were such as to put the grantee upon inquiry, and thus covered the requested instruction.

It was within the discretion of the presiding justice, who could best judge whether it was necessary, or conducive to a fair understanding of the case by the jury, to decide whether the instruction requested should have been given, and the tenant has no ground of exception to his decision.          *Exceptions overruled.*