Isaac Sheppard, *et al.*, v. Elizabeth J. Thomas.

Fraudulent Conveyance; *Subsequent Creditors.* A voluntary conveyance of real estate to defraud existing creditors is void as to such creditors; but it cannot be attacked by a subsequent creditor, where the conveyance was not made in contemplation of future indebtedness, and the claim of the subsequent creditor was not incurred on the faith or credit that the property in contest belonged to the debtor.

*Error from Miami District Court.*

ACTION brought by *Thomas* against *Sheppard*, and three others, (Z. M. Perkins, Lucinda Perkins, and Herman Speilbursch,) to set aside as fraudulent a certain conveyance made by Z. M. Perkins to Ely Snyder, and by him to Lucinda Perkins, wife of Z. M. Perkins, and to subject the land thereby conveyed to sale, on a judgment in favor of the plaintiff and against said Z. M. Perkins. Trial by the court at the February Term, 1879, and findings and judgment for the plaintiff. The defendants bring the case here. The opinion states the facts.

*J. G. Slonecker,* and *Beeson & Baker,* for plaintiffs in error.

*W. R. Wagstaff,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The underlying question in this case is, whether a voluntary conveyance made with the actual intent to defraud existing creditors is void only as to such creditors, or whether the conveyance is also void as against all subsequent creditors? The record discloses that the court found as conclusions of fact, among others, that—

"On December 18, 1861, Z. M. Perkins purchased the lands in controversy from J. C. McCoy for $2,000, the consideration of which he paid with his own money; that on August 26, 1865, he and his wife Lucinda Perkins deeded the land to one Ely Snyder, in which deed $5,000 was named as the consideration; that no consideration was paid; that on the 17th day of October, 1865, Snyder deeded the land to

Lucinda Perkins; that the deed recited as the consideration $5,000, but no consideration was paid; that said deed was recorded August 22d, 1871; that the conveyances from Z. M. Perkins and Lucinda Perkins to Ely Snyder, and from the latter back to Lucinda Perkins, were made in pursuance of an agreement between the three, for the purpose of preventing the existing creditors of Z. M. Perkins from obtaining the land in satisfaction of their claims; that on the 11th day of July, 1872, Z. M. Perkins executed his note for $600 to Mrs. Elizabeth J. Thomas; that on the 27th day of October, 18‥, the latter commenced her action against Z. M. Perkins to recover on the note, in the district court of Miami county, and on December 23, 1874, obtained judgment for $612.29; that upon this judgment $40 was paid January 16, 1876; that on February 2, 1878, Mrs. Thomas caused an execution to issue on the judgment, which was levied upon the land, March 11, 1878; that on the date of the note, and to February 9, 1878, Z. M. Perkins was continuously residing upon and occupying the premises with his wife."

These findings show that the defendant in error (plaintiff below) was not an existing creditor at the dates of the fraudulent conveyances, or the dates of their being recorded; neither is there any intimation in the finding that she was an anticipated creditor at the execution of the conveyances, or at the time the deed to Lucinda Perkins was filed. The note to Mrs. Thomas is dated July 11, 1872, at Miami county; hence, as there was no proof of a prior indebtedness to her, her claim first came into existence about seven years after the execution of the fraudulent conveyance, and nearly a year after the deed to Lucinda Perkins had been recorded. As all the transactions occurred in Miami county, Mrs. Thomas was bound to take notice that the title of the premises was in Mrs. Perkins at the origin of her debt. Therefore, it cannot be said that her claim was incurred on any faith that the property belonged to Z. M. Perkins. The counsel for defendant in error asserts the broad doctrine, that if any intent existed to defraud any single creditor at the execution of the fraudulent conveyances of 1865, the conveyances are void as to all subsequent creditors, and that his client, being a subse-

quent creditor, had a lien upon the premises from the time of the rendition of her judgment, notwithstanding the title of Lucinda Perkins was recorded several months prior to the existence of the note on which judgment was rendered.   In support of this view, counsel refers to § 137 of Freeman on Executions, and the authorities there cited.   The learned trial judge seems to have adopted this interpretation of the act for the prevention of frauds and perjuries.

The opposing counsel contend that as the fraudulent deeds were binding on the grantor, Z. M. Perkins, and as Mrs. Thomas was not an existing creditor, (only a subsequent one,) whose claim was not contracted upon the faith of the land in contest, or incurred so soon after the fraudulent conveyance as to warrant the presumption that the conveyances were made in contemplation of her debt, or of future indebtedness, she is not in any position to attack the conveyances, or levy her execution upon the property thereby transferred, and that Z. M. Perkins had no equitable or other interest in the land at the date of the judgment, subject to a lien.   With this view, we coincide.   It would be a waste of time even to refer to the multitude of cases in which the proper construction and application of the statute of frauds and perjuries have been discussed by the courts of England and America.   Much research and learning have been developed upon the subject, and the cases are almost numberless; yet great diversity of decision remains.   Some of the seeming discrepancy in the authorities, however, may have arisen from not discriminating between the different kinds of fraudulent conveyances and the different degrees and shades of frauds in each.   The very strong case cited in Freeman, of *Clark v. French*, 23 Me. 221, is hardly applicable in this state.   Here, the general policy of the real-estate law, as frequently announced by this court, is, to discountenance secret trusts; to require everything concerning title to, or rights in land, to be in writing; and no secret or other trust, capable of any legal or equitable enforcement existed in the conveyances of 1865, in favor of the grantor, Z. M. Perkins. (*Sexton v. Wheaton*, 8 Wheat. 239;

1 Am. Leading Cases, 1; *Graham v. La Crosse, &c.,* [Sup. Ct. U. S.,] 11 Cent. L. J. 464; *Rappelye v. International Bank,* 15 Reporter, 469; *Harlan v. McLaughlin,* [Sup. Ct. Pa.,] 9 Reporter, 154; *Snyder v. Christ,* 39 Pa. St. 506.)

The position we take is supported in *Hanson v. Power,* 8 Dana, (Ky.,) 91; *Keeler v. Ullrich,* 32 Mich. 88; *Whitescarver v. Bonney,* 9 Iowa, 480; and it seems to us more in accordance with reason to hold that a voluntary conveyance made to defraud creditors is void only as to prior and existing creditors, and to those designed to be defrauded by the conveyance. For instance, if a debtor dispose of his property with intent to defraud those to whom he expects to become immediately or soon indebted, this may be a fraud against them, which they may have the right to attack; but that is a special case, not this one. As Mrs. Thomas gave credit to her debtor in the *status* which he had after the voluntary conveyances were made, the conveyances are not void in law or in fact as to her. She is a creditor subsequent to the conveyance to the wife, and with full knowledge at the date of her note that the wife held the title. This conclusion dispenses with any discussion of the effect of the satisfaction of the judgment of Sheppard, or any inquiry as to the alleged lien under his mortgage. As the judgment of Mrs. Thomas was never a lien on the premises, she was not entitled to have the conveyances to Lucinda Perkins declared void, or the land ordered sold under her execution.

The judgment of the district court will be reversed, and the case remanded with directions that judgment be entered upon the findings of fact in favor of plaintiff in error.

All the Justices concurring.