BANK OF CALIFORNIA v. COWAN et ux.

(Circuit Court of Appeals, Ninth Circuit. June 29, 1896.)

No. 252.

FRAUDULENT CONVEYANCES—DEED OF INSOLVENT TO HIS WIFE—EVIDENCE.
   The evidence upon which an indebtedness from a husband to his wife should be established in a case where the former is insolvent, and unable

to pay his debts, should be clear and convincing, in order to support a conveyance then made to her.

Appeal from the Circuit Court of the United States for the District of Oregon.

This was a suit in equity by the Bank of California against J. L. Cowan and S. E. Cowan, his wife, to set aside, as in fraud of creditors, a deed by him to her. The circuit court dismissed the bill, and the complainant has appealed.

Zera Snow, for appellant.

L. L. McArthur, for appellees.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. The facts out of which this suit arose are stated in the recent decision of this court in the case of Beall v. Cowan (No. 256) 75 Fed. 139. The bank brought suit against Cowan and wife to set aside a transfer of the northwest quarter of block 33, situate in Albany, Linn county, Or., which was conveyed by said Cowan to his wife on June 19, 1893, the date when Cowan's bank closed its doors, and subsequent to which, on June 27, 1893, Cowan transferred the remainder of his property to certain trustees for the payment of the claims of certain creditors named therein. It is alleged in the bill that at the time of said conveyance to his wife Cowan was insolvent, and that the deed was made with intent on the part of both Cowan and his wife to hinder, delay, and defraud the complainant and other creditors, and was without consideration, and that it is, therefore, void as to the complainant. The circuit court entered a decree in which is recited the following:

"It is found and adjudged that heretofore, and on the 19th day of June, 1893, the defendant James L. Cowan, being then engaged in the banking business in the state of Oregon, was wholly insolvent, and, being so insolvent, did, on the day and date last aforesaid, execute and deliver to the defendant Sarah E. Cowan, his wife, for a pretended indebtedness then pretended to exist between them, a transfer of certain real property situate in the city of Albany. * * * It is further found and adjudged that the said transfer was made without consideration other than the said pretended indebtedness, and which said pretended indebtedness, if it existed, was barred by the statute of limitations, said Sarah E. Cowan at the time thereof having reason to believe, and chargeable with notice of, the insolvency of the said defendant James L. Cowan, and that the same was made with the intent to hinder and delay and defraud the complainant, who was then a creditor of the said James L. Cowan, as in and by the bill set forth, and other creditors of the said James L. Cowan."

In said decree the court further found, as in the case of Beall v. Cowan, above referred to, that the conveyance of said land, together with the transfers shortly thereafter made by the insolvent to trustees for certain preferred creditors, was tantamount to a general assignment of the insolvent's property, and that, since such assignment was not made for the benefit of all creditors, the same was void under the statutes of Oregon; and it was further ordered that, unless within 30 days from the date of said decree the complainant should file with the clerk of the court its written assent waiving its prefer-

ence lien by the attachment and judgment and all right of appeal from the decree, and accepting its share of said estate pro rata, as if a general assignment had been made for all creditors, the decree should be vacated, and held for naught.    The complainant having failed to file said assent, it was thereafter decreed that its bill be dismissed.    The complainant appeals to this court from the decree dismissing its bill.

The decision in the case of Beall v. Cowan covers the main question involved in this case.    We there held that the transfers made by Cowan to trustees for certain creditors were not void under the statute of Oregon.    The inquiry in the present case, therefore, is narrowed to the consideration of the question whether or not the conveyance from Cowan to his wife is valid as against the attachment lien and judgment of the appellant.    It is contended by the appellees that the evidence shows that in 1886 Sarah E. Cowan received from her father's estate $4,550, which at that time she loaned to her husband, and that at the time of the transfer of said land to her there remained owing and unpaid on account of said indebtedness more than $4,000, an amount equal to the fair value of the property; and that the conveyance to her was made in good faith, and for the payment of said indebtedness.    The testimony of both Cowan and his wife is, in substance, that in 1886 there came into the hands of Cowan, from the estate of his wife's father, several sums of money aggregating $4,550; that this money was at first placed in Cowan's bank, in the name of his wife, but that subsequently it was transferred to Cowan's name, and that in recognition of his indebtedness to her he executed to her, in October, 1886, a promissory note for $3,000, drawing interest at the rate of 10 per cent. per annum.    From that time nothing seems to have been done in regard to the indebtedness until 1890.    The note, in the meantime, remained in the possession of Cowan, or in his bank.    No indorsement was made on it, and nothing was paid on account of it.    They testify that in 1890 Cowan paid his wife $3,333.33 on account of the indebtedness, but no receipt was given for that amount, and no indorsement was made thereof on the promissory note.    At the time of the transfer of the real estate the note was barred by the statute of limitations.    If there were at that time any existing indebtedness from Cowan to his wife, the principal portion thereof was for unpaid interest on the promissory note. There is no corroborating evidence of the fact of the indebtedness, excepting the fact that it appears from the bank books that in 1886 $3,000 was placed in the bank in Mrs. Cowan's name in the first instance, and was transferred from her account to that of her husband. It seems probable from the whole testimony that the amount which Cowan received from his wife was $3,000, and that the note given in October, 1886, for that amount, covered the whole of his indebtedness to her, and that the payment of $3,333.33 in 1890 substantially extinguished the debt.    The court below has found the indebtedness to be pretended.    We cannot say that there was error in that conclusion.    The evidence upon which an indebtedness from a husband to his wife should be established in a case where the former is insolvent, and is unable to meet his debts, should be clear and convincing.

It not only appears that the conveyance to Mrs. Cowan was made under circumstances sufficient to charge her with the knowledge of her husband's insolvency, but the evidence indicates that the conveyance was voluntary, and that an actual indebtedness did not exist at the time of the transfer.

The decree of the circuit court will be reversed, at the appellees' costs, and the cause remanded, with instructions to enter a decree for the complainant for the relief prayed for in its bill.