### ANDERSON v. GRAY et al.

### In re ANDERSON.

(Circuit Court of Appeals, Fifth Circuit. November 21, 1922.)

No. 3834.

1. **Bankruptcy ⟨⟩371—Referee may vacate premature order discharging trustee.**
   A referee has power to vacate an order discharging a trustee, prematurely made before the trustee had made a final report.

2. **Bankruptcy ⟨⟩270—Defendant in suit by trustee held to have no interest in bankruptcy proceedings.**
   Defendant, in a suit by a trustee to set aside a conveyance for fraud, *held* to have no standing to attack the validity of a sale of the property by the trustee pending the suit, by which she was not prejudiced.

3. **Fraudulent conveyances ⟨⟩300(5)—Consideration for deed from insolvent to wife must be clearly shown.**
   Where a deed is made by a husband, then insolvent, to his wife in consideration of indebtedness to her, the evidence of the debt should be clear and convincing to support such conveyance.

4. **Courts ⟨⟩359—Federal courts governed by local law.**
   Whether a conveyance will be held fraudulent as to creditors by a federal court will be determined by the local law.

5. **Fraudulent conveyances ⟨⟩95(1)—Person largely indebted cannot make voluntary conveyance to wife.**
   Under the common law, a person largely indebted cannot make a voluntary conveyance to his wife to the prejudice of his creditors.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. Fraudulent conveyances ⚖⇒54(1)—Prior indebtedness evidence of fraud.

While not conclusive, prior indebtedness of the grantor is presumptive evidence of fraud in a voluntary conveyance.

7. Fraudulent conveyances ⚖⇒95(2)—Conveyance to wife fraudulent, where ownership by husband induced credit.

Even though a husband uses some of his wife's money in a purchase of land, its conveyance to her is void as against a prior creditor, extending credit on a financial statement of the husband showing his ownership of the property.

Appeal from the District Court of the United States for the Pecos Division of the Western District of Texas; William R. Smith, Judge.

Suit in equity by Earl O. Gray, trustee in bankruptcy of D. D. Anderson, and the Wheeler-Motter Mercantile Company, against Bertha L. Anderson. Decree for complainants, and defendant appeals. Affirmed.

Tomlinson Fort, of Roswell, N. M., and R. S. Phillips, of Fort Worth, Tex., for appellant.

Thornton Hardie, of El Paso, Tex. (Thomas M. Jones, of Sedalia, Mo., and Cyrus H. Jones and Allen R. Grambling, both of El Paso, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Gray, as trustee in bankruptcy of D. D. Anderson, brought a suit in equity in the United States District Court for the Northern District of Texas against Bertha L. Anderson, to set aside a deed executed by D. D. Anderson to said Bertha L. Anderson, his wife, on November 12, 1915, on the ground that said deed was made for the purpose of defrauding his creditors; that, while it recited that it was executed for the consideration of $1 and for the purpose of setting out to Bertha L. Anderson her separate property, free from any claims of her husband, it was in fact executed without consideration. A petition in involuntary bankruptcy was filed against said D. D. Anderson on March 17, 1916.

Pending the suit an application was made by the trustee for leave to sell said interest of the estate in said property to the highest bidder, who should thereafter have the right to prosecute said suit in the name of the trustee. This petition was allowed, and Wheeler-Motter Mercantile Company became such bidder and purchaser, and was by order admitted as coplaintiff in said suit. It appeared that the trustee filed his accounts with the referee and the same were approved, and the referee in such order directed the discharge of the trustee. Later he revoked so much of said order as directed said discharge, as prematurely made.

The issues in said case were tried before the District Judge, who found in favor of the plaintiffs, and decreed that said deed be set aside as fraudulent as to creditors. Pleading to said case, said defendant Bertha L. Anderson moved, first, that said case be dismissed, on the ground that the sale to Wheeler-Motter Mercantile Company was invalid, that after entering an order for the discharge of the trus-

⚖⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tee the referee had no power to revoke any part of the same, and that the suit was thereby abated. This motion was overruled by the court.

[1] 1. At the time this suit was instituted, the trustee was empowered to institute the same and was actively engaged in the discharge of his duties. He does not appear to have applied for a final discharge, and his transfer to Wheeler-Motter Mercantile Company contemplated the continuance by him of such suit. He had not filed his final report when the referee filed his order directing his discharge. It was evidently a premature act on the part of the referee, and we see no reason why he could not by subsequent order set aside such premature act.

[2] If the order of sale to Wheeler-Motter Mercantile Company was unauthorized, the suit could still be prosecuted by the trustee as though the sale had never been made, for the benefit of all creditors, instead of for the benefit of one alone. It is not perceived wherein the defendant, Bertha L. Anderson, was injured by the action of the referee in permitting the sale to Wheeler-Motter Mercantile Company.

It certainly did not injure her for the suit to be prosecuted for the use of one creditor instead of all. The decree rendered, while setting aside the deed, did so in effect as to the one creditor only, awarding to Mrs. Anderson all surplus of the funds realized from the sale of said property above its claim. There was no dispute as to the debt of Wheeler-Motter Mercantile Company, and if the other creditors had rights which the sale to this creditor may have affected, Mrs. Anderson could not set up such rights.

2. The Bankruptcy Act provides:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of the bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication." Bankruptcy Act, § 70e (U. S. Comp. St. § 9654).

There was sufficient evidence to warrant the court in finding that the consideration named in the deed was not true, and that the deed was a voluntary deed, made without consideration. As to the existence of Mrs. Anderson's estate, it was admitted that on the death of her father she inherited from him a tract of land consisting of about 163 acres. This land was sold in 1907 for $3,270. The money derived therefrom was handled by D. D. Anderson, her husband. What became of it was not shown. Anderson bought, in his own name, several pieces of land, which he sold from time to time; his wife joining in the deeds.

There was no evidence showing that this fund or any part thereof was invested in this property conveyed to Mrs. Anderson. There was some evidence that he kept his money in a bank, subject to the individual checks of himself and also of his wife.

In September, 1915, about two months before this deed to his wife was executed, he made to Wheeler-Motter Mercantile Company a financial statement to induce credit, in which the principal asset was the land conveyed in said deed to the defendant. The evidence pre-

ponderated in favor of a finding that the deed was not made in order to separate any separate property of the wife from the community property of the grantor.

[3] The proof was sufficient to warrant a finding that the deed was not made by D. D. Anderson for the purpose of paying any indebtedness which existed from him to his wife. The testimony of Mrs. Anderson as to any consideration for the deed was unsatisfactory and contradictory, and warranted the conclusion that the deed was a conveyance made without a valuable consideration. Where a deed is made by a husband, then insolvent, to his wife, on consideration of indebtedness alleged to exist from him to her, the evidence of the debt should be clear and convincing to support such conveyance. Bank of California v. Cowan, 75 Fed. (C. C. A.) 145, 21 C. C. A. 279.

The statute of the state of Texas (Rev. Stats. of 1911, art. 3967) provides:

"Every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this state subject to execution sufficient to pay his existing debts," etc.

The indebtedness of Wheeler-Motter Mercantile Company was contracted prior to the execution of the deed to Mrs. Anderson, and it was therefore void as to such creditor. It is quite evident that the grantor, D. D. Anderson, did not have, in Texas or elsewhere, property subject to execution sufficient to pay his debts, but, on the contrary, was insolvent.

[4, 5] Whether a conveyance will be held fraudulent as to creditors by the federal court will be determined by the local law. Lloyd et al. v. Fulton, 91 U. S. 479, 485, 23 L. Ed. 363. According to principles derived from the common law and the statute of 13 Eliz., a person largely indebted cannot make a voluntary conveyance to his wife to the prejudice of his creditors. Kehr v. Smith, 20 Wall. 31, 34, 22 L. Ed. 313.

[6] While not conclusive, prior indebtedness is presumptive evidence of fraud. Lloyd et al. v. Fulton, 91 U. S. 479, 485, 23 L. Ed. 363.

3. Again, as above stated, shortly before this deed was made, D. D. Anderson made a statement of assets to Wheeler-Motter Mercantile Company to induce credit, in which the property thereafter conveyed to Mrs. Anderson was stated as his most valuable asset.

[7] Even if some of Mrs. Anderson's money had been invested in this land, where a husband buys land in his own name with his wife's money, a conveyance by him to his wife is void as against a prior creditor extending credit on the faith of such property. Williams v. Adler-Goldman Commission Co., 227 Fed. 374, 377, 142 C. C. A. 70.

There was evidence warranting the District Court in finding the issues in said case in favor of the complainants, and no error of law appears in said decree, which is affirmed.