## WOOD v. NATIONAL CITY BANK et al.

Circuit Court of Appeals, Second Circuit.
March 5, 1928.

No. 174.

**1. Courts ⬅➡347(10)—Bill in ancillary receiver's suit to recover dividends paid stockholders, alleging insolvency, though indefinite, held not subject to dismissal (rules 20, 29).**

Bill by ancillary receiver, seeking recovery from stockholders of certain dividends alleged to have been paid from assets of corporation at time corporation was in debt, and in fact insolvent, *held* at worst only indefinite and ambiguous, and not subject to dismissal under rule 29; proper remedy being to move under rule 20 for a better statement.

**2. Corporations ⬅➡563(2)—Bill by ancillary receiver to recover dividends paid stockholders held insufficient to state cause of suit for impairment of capital.**

Bill in suit by ancillary receiver to recover dividends paid stockholders *held* insufficient to set forth a cause of suit based on impairment of capital, where not alleging that stockholders were privy to directors' tort, since, when liability is based merely on depletion of capital, a stockholder must be charged with notice of that fact.

**3. Corporations ⬅➡225—Stockholders receiving dividends in fraud of creditors are liable therefor.**

Where dividends are paid on corporate stock in fraud of creditors, stockholders are liable on theory that capital assets had become a trust fund, and payments are charged with whatever trust they were subject to in hands of corporation.

**4. Corporations ⬅➡563(2)—Ancillary receiver's bill to recover dividends paid stockholders as in fraud of creditors held insufficient.**

Bill by ancillary receiver to recover dividends paid stockholders from assets of corporation *held* insufficient to state cause of action based on payment in fraud of creditors, because of failure to allege that any of creditors in existence when receiver was appointed were creditors when dividends were declared, since only in such case did question arise whether insolvency per se would void the gift.

**5. Fraudulent conveyances ⬅➡208—Gift depending on donor's insolvency is voidable only at demand of creditors existing at time of gift.**

When invalidity of gift depends only on fact of donor's insolvency regardless of its intent, it is voidable only at demand of creditors existing when it was made.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Howard O. Wood, as ancillary receiver of the Stanton Oil Company, against the National City Bank and others. Decree dismissing the bill on motion, for insufficiency on its face, and plaintiff appeals. Affirmed, without prejudice to grant an amendment.

The amended bill set forth the following facts: At some undisclosed time the District Court for the Eastern District of Kentucky appointed a receiver for the Stanton Oil Company, a Delaware corporation, and later the plaintiff was appointed ancillary receiver "by an order entered in the District Court of the United States for the Southern District of New York." The nature of neither suit was disclosed. From July 16, 1917, to April 1, 1919, the defendants were stockholders of the corporation, between which dates they had received certain dividends from its assets. At the time when all these dividends were paid, the corporation "was in debt, and was in fact insolvent and unable to pay its debts, and had not then, nor had it ever had, any reserve over and above its capital stock, or any surplus or net profits of any kind, and

each and all of the said dividends were paid wholly from and out of the capital of said corporation." Claims had been "filed" against the corporation, amounting to more than $100,000, and receiver's certificates issued in the sum of $25,000.

Elliott W. Smith, of New York City, for appellant.

Benjamin P. De Witt, of New York City (Edmund H. Cox, of New York City, of counsel), for appellee William West & Co.

Choate, Larocque & Mitchell, of New York City (Clarence V. S. Mitchell, of New York City, of counsel), for appellees Post and Flagg.

Cook, Nathan & Lehman, Curtis, Mallet-Prevost & Colt, William D. Gaillard, and Frederick S. Fisher, all of New York City (Mortimer Brenner, Cornelius C. Webster, and Chester Rohrlich, all of New York City, of counsel), for appellees Kuhrt, Benedict, Drysdale & Co., Moore, Holt, Jones, and Mawhinney.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). [1] It is impossible from the bill to learn just what the plaintiff meant to allege. On the one hand, he may have meant only that, when the dividends were paid, the corporate assets did not equal its debts together with the aggregate amount of its corporate shares, considered as a liability, and that the payments left the assets insufficient to pay the shares in full. On the other hand, he may have meant that the assets were not at those times enough to pay the debts; that is, that the corporation was insolvent, as that word is used in the Bankruptcy Act (11 USCA). Considering the liberal attitude which courts now take towards pleadings, we think that some of the language is susceptible of being understood in the second sense. "Unable to pay its debts" certainly says more than that the corporation has failed to pay them in due course. It more naturally means that the assets were not enough for that purpose. We must, it is true, confess to a complete inability to understand the relevancy of the remainder of the third article of the bill, in which these words appear. They strongly suggest that the gist of the suit was the receipt of dividends paid in depletion of capital, without regard to whether the corporation was solvent or insolvent. However that may be, if there is a sufficient allegation of insolvency, as we think, the bill is at worst only in-

definite and ambiguous, and the proper remedy was to move under rule 20 for a better statement, not to dismiss it under rule 29.

[2] Such being a permissible construction of the complaint, the question of its sufficiency depends upon the law of stockholders' liability. We have not to do with the liability commonly imposed by statute, because, whatever that may be in Delaware, the plaintiff does not invoke it here. He depends upon the fact that the directors have paid, and the defendants received, dividends when the corporation was insolvent. Merely because this impairs the capital stock, it is commonly regarded as a wrong to creditors on the directors' part, and it is often made such by statute. We may, without discussion, assume that it would be a wrong in the case at bar. Even so, it is primarily only the wrong of those who commit it, like any other tort, and innocent participants are not accomplices to its commission. Hence it has been settled, at least for us, that, when the liability is based merely on the depletion of the capital, a stockholder must be charged with notice of that fact. McDonald v. Williams, 174 U. S. 397, 19 S. Ct. 743, 43 L. Ed. 1022. This has become a thoroughly fixed principle in the federal courts. Lawrence v. Greenup (C. C. A. 6) 97 F. 906; New Hampshire Savings Bank v. Richey (C. C. A. 8) 121 F. 956; Great Western, etc., Co. v. Harris (C. C. A. 2) 128 F. 321; Ratcliff v. Clendenin (C. C. A. 8) 232 F. 61; Atherton v. Beaman (C. C. A. 1) 264 F. 878.

It is apparent that this result could not have been reached if the capital of the corporation were regarded as a trust fund for its creditors, because a stockholder is not a purchaser, but a donee, and his bona fides would not protect him, in the absence of some further equity, in retaining the proceeds of a trust. So it became necessary to decide that the capital was not such a fund, and McDonald v. Williams did expressly so decide. The so-called "trust fund" doctrine had, indeed, earlier been repudiated by the Supreme Court, especially in Hollins v. Brierfield, etc., Co., 150 U. S. 371, 14 S. Ct. 127, 37 L. Ed. 1113; but it was a hardy weed and would not die at the first uprooting. It is apparent, therefore, that the bill does not set forth a cause of suit based upon the impairment of the capital, because the stockholders are not alleged to have been privy to the directors' tort. This is not a defense which must be pleaded, like that of bona fide purchaser; it is necessary positively to allege the stockholders' complicity in the wrong to set forth any case at all.

[3] However, there is quite another theory, and quite another liability, if the payments not only impair the capital, but are taken out of assets already too small to pay the existing debts. The situation then strictly is not peculiar to corporation law, but merely an instance of a payment from an insolvent estate. Since, as we have said, a stockholder is a donee, he receives such payments charged with whatever trust they were subject to in the hands of the corporation. In that situation it can indeed be said with some truth that the corporate assets have become a "trust fund." Wabash, etc., Ry. v. Ham, 114 U. S. 587, 594, 5 S. Ct. 1081, 29 L. Ed. 235. Hence it has never been doubted, so far as we can find, at least in any federal court, that if the dividends are paid in fraud of creditors the stockholder is so liable. Hayden v. Thompson (C. C. A. 8) 71 F. 60; Hayden v. Williams (C. C. A. 2) 96 F. 279. The defendants, who suppose that there has been an inconsistency in the decisions of the Eighth Circuit (and they might have added in our own), have failed to distinguish the quite independent bases of the two liabilities.

[4, 5] If the bill be regarded as presenting only an instance of a payment in fraud of creditors, the question arises whether it is enough merely to allege that the payment was made while the corporation was insolvent. It is agreed with substantial unanimity that, when an insolvent makes a voluntary payment out of his assets, it is regarded as at least presumptively in fraud of his creditors, Hume v. Central Washington Bank, 128 U. S. 195, 9 S. Ct. 41, 32 L. Ed. 370; Kehr v. Smith, 20 Wall. 31, 22 L. Ed. 313; Parich v. Murphree, 13 How. 92, 99, 14 L. Ed. 65; Klinger v. Hyman, 223 F. 257 (C. C. A. 2); Hessian v. Patten (C. C. A. 8) 154 F. 829, 832; Cole v. Tyler, 65 N. Y. 73; Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082; Lehrenkrauss v. Bonnell, 199 N. Y. 240, 246, 92 N. E. 637. We shall assume, for argument, in accordance with the language of some of the foregoing decisions, that such a transfer is fraudulent per se. In Hayden v. Williams no more is mentioned than that the corporation was insolvent, and apparently no more was thought necessary. Even so, the bill is bad, because, when the invalidity of the gift depends only upon the fact of the donor's insolvency, regardless of his intent, it is voidable only at the demand of creditors existing when it is made. Horbach v. Hill, 112 U. S. 144, 149, 5 S. Ct. 81, 28 L. Ed. 670 (semble); Ratcliff v. Clendenin (C. C. A. 8) 232 F. 61 (semble); Church v. Chapin, 35 Vt. 223; Sheppard v. Thomas, 24 Kan. 780; Eckhart v. Burrell Mfg. Co., 236 Ill. 134, 86 N. E. 199; Crowley v. Brower, 201 Iowa, 257, 207 N. W. 230. Hummell v. Harrington (Fla.) 109 So. 320, if holding otherwise, is an exception; it probably meant no more than that, if there be actual intent to defraud subsequent creditors, they also may avoid the gift. Day v. Cooley, 118 Mass. 524. In the case at bar the bill does not allege that any of the creditors in existence when the receiver was appointed were creditors when the dividends were declared. Only in case the bill had alleged this, would the question arise whether insolvency per se avoids the gift. For this reason, and this alone, the decree was right.

Our mandate will contain a provision that the affirmance is without prejudice to the power of the District Court to grant a second amendment, notwithstanding the first, and while the question is primarily for that court, and not for us, we think it permissible to say that it would be proper to allow it. The case has clearly not been presented in all aspects which the facts may warrant, and it is always undesirable to have the merits finally disposed of on mere pleading, unless we can be sure that it faithfully presents them. The plaintiff will then have an opportunity to allege, if he deems it necessary, that the dividends were paid in fraud of creditors, and that some of the creditors existing when the receiver was appointed existed also when the dividends were paid.

Again, while the point has not been argued at bar, it will be desirable for the plaintiff to set forth more completely the source of his right to sue; that is, the nature of the suit in which he was appointed, and indeed whether he was appointed in a suit at all. How the suit in Kentucky can have any bearing upon his right to sue in New York is not apparent to us, unless it be assumed, quite erroneously, that a creditors' bill in one state gives some further warrant for a receiver in another than would exist without it. All such questions we reserve until the plaintiff has made a better statement of his cause of suit under rule 20.

Decree affirmed.