## HORBACH v. HILL.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF NEBRASKA.

Argued October 23, 1884.—Decided November 3, 1884.

Whether an agreement for a reconveyance of real estate, conveyed by deed in fee simple, on the repayment of the purchase money and the performance of other conditions, is a mortgage, is to be determined by the accompanying circumstances which explain the object of the agreement.

A creditor of a grantor of real estate, attacking the conveyance as made to defraud creditors, should show affirmatively that he was a creditor of the grantor when the alleged fraudulent conveyance was made.

This is a suit to set aside a sale of certain real property in Omaha, Nebraska, to John A. Horbach, the defendant in the court below, the appellant here, by one John A. Parker, Senior, on the ground that it was made to hinder, delay, and defraud the latter's creditors, of whom the complainant claims to be one. The material facts, briefly stated, are as follows: In March, 1871, one John A. Parker, Jr., died at Omaha, intestate, possessed of certain unimproved real property in that city. He also held a deed of seventeen other lots there, which he had purchased of his father in September, 1870. At the time of the purchase he executed to his father an agreement stating that on a final accounting of all business between them, including the purchase of the seventeen lots, he found himself indebted to his father in $8,734, to be paid to him, or to certain creditors to be named, within one year, and agreeing, in case he should be relieved from two certain bonds of $3,000 and upwards, to reconvey the lots to his father for a like consideration, and the expenses incurred on them, the amount to be credited on his indebtedness. He left, at his death, no personal estate of any value, and his debts were considerable, among others one of over $1,000 to Horbach. His father, who was his sole heir-at-law and his largest creditor, resided in Virginia, and upon his son's death went to Omaha to attend his funeral. Whilst there, on the 20th of March, 1871, he sold his interest in the estate of his son, and his interest under the

agreement to reconvey the seventeen lots, to Horbach for $6,000, and executed to him a deed of the lots standing in the name of the deceased, and assigned to him the agreement. He also sold and assigned to him the claim against the estate mentioned in the agreement, Horbach agreeing for the claim to pay the debts in Omaha due to himself and others, amounting to a sum not exceeding $2,200.

In May, 1871, Horbach, as a creditor of the estate of the deceased, was appointed its administrator and qualified. There being no personal effects with which to pay the debts, the real property of the deceased, including the seventeen lots, was sold at auction under orders of the proper court, and was purchased by different parties, one of whom named Kennedy bought the seventeen lots. The sales were reported to the court and confirmed. The proceeds were applied in due course of administration; and in November, 1874, the administrator was exonerated by the court from liability and his bond cancelled. Subsequently Horbach purchased at advanced prices portions of the property thus sold, among others fifteen of the seventeen lots.

In December, 1877, Edward B. Hill, the complainant in this suit, recovered in the District Court of Nebraska a judgment by default against John A. Parker, Sr., for $3,244 and costs, purporting to be owing upon the promissory note described in the petition of the plaintiff. This petition is not in the record, and therefore it does not appear whether Parker was liable as maker or as indorser, or when the note was made or when it matured. There was no personal service of process upon him, nor did he enter his appearance in the case; the service was by publication. The judgment, reciting that it appearing to the court that the attachment proceedings therein were regular and in conformity to law, ordered the sheriff to sell the real estate attached. What that real estate was does not appear, and that it included the seventeen lots, can only be inferred from the fact that under the judgment and order they were sold with other real property and conveyed to the complainant. In August, 1878, this suit was brought by him, claiming title to the premises thus purchased, and alleging that the conveyance to Hor-

bach by John A. Parker, Sr., in March, 1871, was made to hinder, delay, and defraud the latter's creditors; that the administration was taken under an agreement to manage and manipulate the estate for his benefit, and that the sales by the administrator were without consideration and fictitious, being in fact made for himself. It therefore prayed that the conveyance by Parker, Sr., to Horbach be adjudged void, and that the complainant be decreed to be the owner in fee of the property. The averments were traversed by the answer, which also set up the agreement to reconvey the seventeen lots. A replication being filed, testimony was taken. The case was then referred to a master " to report on the law and facts as shown by the pleadings and proofs." He held and reported that, except as to the seventeen lots, the purchases at the administrator's sale were valid; that, as to them, the complainant acquired title under his attachment proceedings; that the deceased, as to them, was mortgagee; that the deed of Parker, Sr., to Horbach was made when he was largely in debt to the complainant and others, and for the purpose of hindering, delaying, and defrauding his creditors, and that Horbach knew this; that the purchase of those lots by Kennedy at the administrator's sale was in good faith, but with notice that the title of the deceased was that of mortgagee only, and that hence no title was acquired; and that no title passed through Kennedy to Horbach because of like notice, and therefore the complainant was entitled to a decree to quiet his title. Exceptions were taken to the report, but they were overruled, and it was confirmed and a decree entered adjudging that the seventeen lots were, at the commencement of the suit, the property of the complainant, and directing the defendant to convey the same to him, and, in default thereof, that the decree should stand in lieu of such conveyance, and that the defendant should be barred of all interest in the property, and deliver possession thereof to the complainant. From this decree this appeal is brought.

*Mr. Walter D. Davidge* for appellant.—I. This is a bill to quiet title, not a creditor's bill. The decree is for conveyance and possession, not for sale. And though the remedy by bill

to quiet title has been enlarged by statute in Nebraska, *Holland* v. *Challen*, 110 U. S. 16, yet it is there held that complainant must show title, and a party not in possession must possess the legal title in order to maintain the action. *State* v. *Sioux City & Pacific Railroad*, 7 Neb. 357.—II. The bill being for actual fraud, the complainant was not entitled to a decree, even if he had averred and proved facts which, independently of actual fraud, might have entitled him to relief under some other head of equity. *Eyre* v. *Potter*, 15 How. 42, 56; *Moore* v. *Green*, 19 How. 69; *Price* v. *Barrington*, 3 Macn. & Gord. 486. And the bill could not be amended. *Shields* v. *Barrow*, 17 How. 130.—III. The record discloses nothing to show that appellee was an existing creditor, nor what was the financial condition of the grantor. It should have done so. *Sexton* v. *Wheaton*, 8 Wheat. 229; *Mattingly* v. *Nye*, 8 Wall. 370; *Smith* v. *Vodges*, 92 U. S. 183.—IV. The conveyance to the decedent was absolute. The agreement to reconvey was not necessarily a mortgage. *Conway* v. *Alexander*, 7 Cranch, 218, 236; *Russell* v. *Southard*, 12 How. 139. A sale under a judgment in attachment in Nebraska would not pass a mere personal contract relating to lands. General Stat. Neb. 1873, §§ 198, 228. Such a sale would not even convey a trust by operation of law. *Trask* v. *Green*, 9 Mich. 358.—V. Assuming the seventeen lots were attached and sold as alleged, yet as the only jurisdiction acquired by the State court was by publication, the purchaser only succeeded to the legal or equitable title of the debtor. The purchaser, in such case, could only claim through the debtor, and not adversely or by paramount title; and the necessary predicate of overreaching and annulling the previous conveyance would not exist. Such conveyance, binding upon parties and privies, would be equally binding upon such a purchaser. If he could move at all to set aside the conveyance, he could only move as a creditor, and the judgment in attachment would be no evidence of debt. The judgment and sale in attachment would not enable the purchaser to maintain the present suit. *Pennoyer* v. *Neff*, 95 U. S. 714, and cases reviewed; *Hart* v. *Sansom*, 110 U. S. 151.

No appearance for appellee.

MR. JUSTICE FIELD delivered the opinion of the court. He stated the facts in the foregoing language and continued:

There are several fatal objections to the decree in this case. In the first place, there is no evidence affecting the good faith of the sale and conveyance from Parker, Senior, to the defendant, in March, 1871. It was known that the deceased owed several debts, and as there were no personal effects, that the real property was liable to be sold for their payment. Under these circumstances, the price paid by the defendant is not shown to be inadequate. And there is no evidence that he had any knowledge of the debt of Parker, Senior, to the complainant. So, whatever may be suggested or surmised as to possible fraudulent intentions of Parker, Senior, in the conveyance, its validity cannot be questioned in the absence of any evidence of participation in them by the defendant. The fraud which will vitiate a sale must be mutual, that is, must be intended by both parties, or by one with knowledge of the other's purpose, and thus acquiesced in and furthered. Here all such participation was wanting on the part of the purchaser.

In the second place, if the conveyance by the father to the defendant be treated as invalid, the title to the lots passed by the administrator's sale, and the subsequent deed in pursuance of it. The master found that the purchase by Kennedy at that sale was in good faith, but was void because of his knowledge that the property was held by the deceased as mortgagee, and that the defendant acquired no title from Kennedy because of like notice. But the conclusion that the conveyance by the father to the son was a mortgage was a mere assumption, not warranted by the accompanying agreement. There was no obligation resting on the father to make the payments mentioned in that agreement and claim a reconveyance. He had an option to do so, and then he was not merely to repay the consideration given by the son, but in addition thereto he was to obtain a release of two bonds by him exceeding $3,000 in amount. Upon such release the vendee agreed to reconvey the lots for the original consideration and the expenses incurred on them. There were no extraneous facts shown to explain the object of executing the papers, such as a previous indebtedness

of the father, or a liability on his part to secure the son against the bonds mentioned. Nor did it appear to whom the bonds were issued, nor for what consideration. Nor was it averred that the transaction was in any respect different from what the instruments imported—a sale to the son. The agreement can therefore be considered only as an independent contract to reconvey the lots on certain conditions. The assumption that the conveyance of the father to the son was a mortgage being unfounded, the objection to the purchase by Kennedy falls. That being valid, the deed received by him passed a good title, which he transferred to the defendant.

In the third place, there is no evidence that the complainant was a creditor of Parker, Senior, in March, 1871, when the conveyance was made to the defendant. The attachment suit was commenced by publication in August, 1877, and in December following judgment by default was rendered. This was more than six years after the conveyance. It does not appear when the alleged debt, upon which the attachment proceedings were founded, accrued. The allegation of the bill that Parker, Senior, was largely indebted to the complainant and others, and was insolvent when he conveyed to the defendant, is not sustained by the evidence. Indeed, there is no evidence in relation to his financial condition and means at that time. The testimony that he brought a summons in another suit against him to the office of the party who was then drawing the deed is contradicted; and even had this been so, the fact would not militate against the validity of the transaction. He had a right to dispose of his property in the ordinary course of business for a valuable consideration, and the defendant had a right to purchase it. The complainant, not showing that he was at the time a creditor, cannot complain. Even a voluntary conveyance is good as against subsequent creditors, unless executed as a cover for future schemes of fraud.

So, in any way in which this case can be considered, the bill cannot be sustained.

*The decree must therefore be reversed, and the case remanded, with directions to dismiss the bill. And it is so ordered.*