## In re BRINCKMANN.

(District Court, D. Indiana. July 9, 1900.)

No. 594.

BANKRUPTCY—INVOLUNTARY PROCEEDINGS—WHO ARE CREDITORS.

    Under Bankr. Act 1898, § 1, subd. 9, and section 63b, defining a creditor as one who owns a demand or claim provable in bankruptcy, and providing that unliquidated claims may be proved and allowed only after being liquidated, one having an unliquidated demand against an insolvent debtor is not such a creditor as is entitled to institute involuntary proceedings to have his debtor adjudged a bankrupt.

In Bankruptcy.

Forrest E. Hughes and Edwin J. Bower, for petitioner.

James F. Gallaher and Smith, Duncan, Hornbrook & Smith, for respondent.

BAKER, District Judge. On May 3, 1900, George P. Chadwick, of Laporte county, Ind., filed a petition in involuntary bankruptcy against Robert Brinckmann, of the same county and state. The petition alleges that Chadwick is a creditor of said Brinckmann, having provable claims amounting in the aggregate, in excess of securities held by him, to the sum of $500, and that the creditors of said Brinckmann are less than 12 in number. The petitioner alleges that the debt owing by the alleged bankrupt to himself is a judgment rendered January 29, 1900, by the circuit court of Marshall county, Ind., for $1,250, for a willful and malicious injury to the person of the petitioner committed by said Brinckmann on July 15, 1899. He alleges that there is interest due on said judgment from the date of its rendition, and costs of suit taxed in said cause, amounting to $140.20. The petitioner alleges that said Brinckmann is insolvent, and that within four months next preceding the date of the filing of his petition said Brinckmann committed acts of bankruptcy, in that he did on January

3 and 15, 1900, convey, mortgage, and transfer all of his real and personal property to Louisa Brinckmann, William Brinckmann, Herman Brinckmann, and James F. Gallaher, with intent to prefer them as creditors over his other creditors, and especially the petitioner, and that said Brinckmann also conveyed, transferred, and concealed his property with intent to hinder, delay, and defraud his creditors. Said Brinckmann filed an answer putting in issue all the material averments of the petition. The court has heard the evidence adduced by the respective parties, and is of opinion that the petitioner was not a creditor of the alleged bankrupt at the time that the acts of bankruptcy were committed. It is shown by the evidence, without dispute, that the case of the petitioner against the alleged bankrupt for the recovery of damages for the malicious and wrongful assault and battery was not tried until January 13, 1900, on which day the jury returned a verdict in his favor for $1,250, on which verdict on January 29, 1900, a judgment was rendered for the amount of the verdict and costs by the circuit court of Marshall county, Ind. No one except a creditor can maintain a petition in involuntary bankruptcy. The petitioner in this case at the time of the commission of the alleged acts of bankruptcy was not a creditor having a provable claim against the alleged bankrupt. Section 1, cl. 9, of the bankruptcy act defines a "creditor" as follows:

"(9) Creditor shall include any one who owns a demand or claim provable in bankruptcy and may include his duly authorized agent, attorney or proxy."

Section 63, cl. "b," provides as follows:

"(b) Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct and may thereafter be proved and allowed against his estate."

The petitioner's claim at the time the alleged acts of bankruptcy were committed was unliquidated. He had not at that time reduced his claim for damages for a tort into judgment. It remained an unliquidated claim until judgment was rendered on the verdict. In the case of Beers v. Hanlin, 3 Am. Bankr. R. 745, 99 Fed. 695, it is held that an unliquidated claim is not a provable debt in bankruptcy, and one arising out of tort must first be reduced to judgment, or, pursuant to application to the court, be liquidated, as the court shall direct, in order to be proved; and it is further held that where the only alleged creditor is one who had an unliquidated claim for tort, not reduced to judgment at the time of an alleged preferential transfer, he is not a creditor who can insist that such transfer is an act of bankruptcy. The case of Ex Parte Charles, 14 East, 197, 16 Ves. 256, is a much stronger case against the petitioning creditor than the case last cited. The case was sent by Lord Chancellor Eldon to the court of king's bench. The facts stated by the chancellor for the opinion of the court were that an action upon the case was brought by Mary Howell against one John Charles for breach of promise of marriage, in which she obtained a verdict on December 5, 1808, for £150, in damages. On December 25, 1808, the act of bankruptcy was committed by an assignment by the alleged bankrupt of all of his effects. Judgment on the verdict was entered January 31, 1809. On February 4, 1809, Mary Howell petitioned for a commission of bankruptcy, which is-

sued on February 21, 1809, upon the debt evidenced by her judgment. The case was elaborately argued before the entire court on the certificate sent to it by the chancellor; the question being whether or not Mary Howell, at the time of the commission of the alleged act of bankruptcy, owned a provable debt, and was a creditor, within the true construction of the bankruptcy act. The court unanimously certified to the chancellor that the debt was not a sufficient debt to support a commission. Afterwards, in the sittings after Trinity term, 1812, upon the petition of the bankrupt, the commission was superseded, with costs. In Scott v. Ambrose, 3 Maule & S. 327, Lord Chief Justice Ellenborough said that all the courts in Westminister Hall had concurred in the doctrine of the case of Ex parte Charles. The petitioner, not having been a creditor owning a provable claim at the time of the commission of the alleged acts of bankruptcy, cannot maintain his present petition. It will therefore be dismissed at the costs of the petitioner.