## BRAKE v. CALLISON.

### (Circuit Court of Appeals, Fifth Circuit. April 8, 1904.)

### No. 1,332.

1. BANKRUPTCY—ACT OF BANKRUPTCY.
   A conveyance of property by a debtor to creditors cannot be charged as an act of bankruptcy, where he had at the time no other creditors.

2. SAME—INVOLUNTARY PROCEEDINGS—WHO MAY MAINTAIN.
   A judgment creditor cannot maintain a petition in bankruptcy against his debtor on an allegation that the latter made a conveyance of property to creditors which constituted an act of bankruptcy before the rendition of the judgment, where it does not appear that the demand on which it was rendered was one provable in bankruptcy, so as to make him a creditor at the time the conveyance was made.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of Florida, in Bankruptcy.

Bisbee & Bedell, for petitioner.

E. P. Axtell, C. D. Rinehart, and Jno. E. Hartridge, for respondent.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge, delivered the opinion of the court.

On May 16, 1903, the respondent, N. A. Callison, for a recited consideration of $12,000 to him in hand paid, conveyed to H. F. Dutton, J. G. Nichols, and W. G. Robinson, as partners, a large amount of real and personal property. The deed was filed for record on the day of its date, and recorded May 18, 1903. On May 29, 1903, the petitioner, William J. Brake, as administrator of the estate of Gerard H. Brake, deceased, recovered a judgment at law against the respondent in the Circuit Court of the United States for the Southern District of Florida, for the sum of $6,000 damages and $189.25 cost, whereupon execution issued out of that court, and the judgment remains in full force and effect, unsatisfied, and in no wise reversed or made void. On September 9, 1903, the petitioner presented to the District Court, as a court of bankruptcy, his petition against the respondent, making the formal allegations necessary to show the jurisdiction of the court, including the averments as to the nature and amount of his claim, as substantially recited above, and charging that the respondent is insolvent, and within four months had by his certain deed (above referred to) conveyed, transferred, concealed, removed, and permitted to

be concealed and removed, a part of his property, with the intent to hinder, delay, or defraud his creditors, or some of them; that the respondent was, on the day of the date of the deed, indebted to the grantees therein, and made the conveyance with the intent to prefer such creditors over his other creditors; and that the deed was, in effect, a general assignment for the benefit of creditors. To this petition the respondent, by counsel, submitted a demurrer, and for grounds thereof alleged: First, it does not appear from the petition that the respondent, on the 16th day of May, 1903, had any creditors, within the meaning of the bankrupt act, who are entitled to complain of the transaction complained of in the petition; second, because it appears from the statements contained in the petition that the petitioner was not a creditor of the respondent at the time of the transfer complained of, and is not entitled to file a petition in bankruptcy, within the meaning of the bankrupt act (Act July 1, 1898, c. 541, § 1, 30 Stat. 544, 545 [U. S. Comp. St. 1901, p. 3419]). Three other grounds are assigned, but it is not necessary that they should be specially considered. The District Court sustained the demurrer on each of the grounds above stated, with leave to the petitioner to amend as advised. No amendment was tendered, and this petition for review was allowed.

The counsel for the petitioner submits that the case presents the question whether a creditor, having a provable claim, may file a petition, irrespective of whether he had such claim at the time of the commission of the act of bankruptcy complained of. Redacting this proposition, and dispensing with its abstract features, the case presents to us the question whether, under the conditions shown by the petitioner at the date of the conveyance by the respondent, his conveyance of his property constituted an act of bankruptcy. So far as shown by the petition, the grantees in his deed were his only creditors at that time. It could not be an act of bankruptcy as to them. As to the parties to that deed, it was manifestly a valid conveyance. It is said in Horbach v. Hill, 112 U. S. 144, 5 Sup. Ct. 81, 28 L. Ed. 670 (we quote the syllabus):

"A creditor of a grantor of real estate, attacking the conveyance as made to defraud creditors, should show affirmatively that he was a creditor of the grantor when the alleged fraudulent conveyance was made."

Referring to the grantor in that case, the concluding sentences of the opinion are in these words:

"He had a right to dispose of his property in the ordinary course of business for a valuable consideration, and the defendant (the grantee) had a right to purchase it. The complainant, not showing that he was at the time a creditor, cannot complain. Even a voluntary conveyance is good as against subsequent creditors, unless executed as a cover for future schemes of fraud."

The petition to the bankrupt court alleges no facts, other than those already stated, showing or tending to show that the conveyance in question was executed as a cover for future schemes of fraud. There is no allegation that the petitioner had any claim of any kind against the respondent prior to the date of the rendering of the judgment which he obtained. The allegation is simply that it was a judgment for damages, without indicating whether they grew out of a breach of contract, express or implied, or were recovered on account of a tort. As de-

fined by the bankrupt act, the term "creditor" includes any one who owns a demand or claim provable in bankruptcy, and the term "debt" includes any debt, demand, or claim provable in bankruptcy. It not appearing that at the time of the respondent's conveyance there were any other creditors than those to whom he conveyed, and it appearing expressly that the petitioner was not a creditor of respondent at that time, we conclude that the demurrer to the petition was well taken on the first and second grounds. Beers v. Hanlin (D. C.) 99 Fed. 695; In re Brinckmann (D. C.) 103 Fed. 65. As this disposes of the case, it is unnecessary to notice the other grounds.

The petition for revision is dismissed.