## In re FLINT HILL STONE & CONSTRUCTION CO.

### (District Court, N. D. New York. January 28, 1907.)

BANKRUPTCY—INVOLUNTARY PETITION—ACTS OF BANKRUPTCY.

The giving of a mortgage by an insolvent corporation in order to constitute an act of bankruptcy under Bankr. Act July 1, 1898, c. 541, § 3a (1) or (2), 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], must have been to secure an antecedent debt, or for a grossly inadequate consideration and with intent either to hinder, delay, or defraud its creditors or to prefer the mortgagee over other creditors, and a petition in involuntary bankruptcy which fails to allege such facts and intent or facts from which such intent would be inferred as matter of law, or even to allege that there were other creditors at the time, is insufficient.

In Bankruptcy. Demurrer to the petition in involuntary bankruptcy proceedings on ground that it does not charge an act of bankruptcy.

H. Judd Ward, for demurrer.

Herman C. Grupe, for petitioners.

RAY, District Judge. The petition of the moving creditors alleges the acts of the alleged bankrupt, which is a domestic corporation of the state of New York, and which acts are claimed to have been acts of bankruptcy:

"That, within four months preceding the filing of this petition, viz., on the 9th day of July, 1906, the said Flint Hill Stone & Construction Company, while insolvent, committed an act of bankruptcy, in that it did execute and caused to be filed on that day in the office of the clerk of the county of Rensselaer, the place where its principal office for the transaction of its business is located, a chattel mortgage for one thousand dollars ($1,000) to H. Judd Ward and others, directors of said Flint Hill Stone & Construction Company and indorsers of certain promissory notes, upon all of its chattels and property; and, further, in that it did execute and cause to be filed on that day in the office of the clerk of the county of Rensselaer, the place where its principal office for the transaction of its business is located, a chattel mortgage for fifteen hundred dollars ($1,500) to H. Judd Ward and others, directors of said Flint Hill Stone & Construction Company and indorsers of certain promissory notes, upon all of its chattels and property."

This allegation is clearly insufficient. There is no allegation that such chattel mortgages were given "with intent to hinder, delay, or defraud" the creditors of the corporation or any of them, or "with intent to prefer such creditors" (the mortgagees) over the other creditors of such corporation, nor is there any allegation or statement of any fact or facts from which the inference may legally be drawn or must follow that the giving of the mortgages was with intent to hinder,

delay, or defraud creditors, or any of them, or with intent to prefer one or more of the creditors of the corporation over its other creditors. Section 3 of "An act to establish a uniform system of bankruptcy throughout the United States," approved July 1, 1898 (30 Stat. 546, c. 541, [U. S. Comp. St. 1901, p. 3422]), as amended by act approved February 5, 1903 (32 Stat. 797, c. 487, § 2 [U. S. Comp. St. Supp. 1905, p. 683]), provides:

"(a) Acts of bankruptcy by a person shall consist of his having (1) conveyed, transferred, concealed, or removed, or premitted to be concealed or removed, any part of his property with intent to hinder, delay, or defraud his creditors, or any of them; or (2) transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors; or (3) suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference; or (4) made a general assignment for the benefit of his creditors, or, being insolvent, applied for a receiver or trustee for his property or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, of a territory, or of the United States; or (5) admitted in writing his inability to pay his debts and his willingness to be adjudged a bankrupt on that ground."

The acts alleged come under either subdivisions (1) or (2) of this section, and "intent to hinder, delay or defraud" or "intent to prefer" one creditor over another is of the very essence of the act. If an alleged bankrupt, being insolvent, has within four months of the filing of the petition given a chattel mortgage on all his property to another creditor to secure an antecedent debt or to secure an indorsement previously made, and such facts are alleged, or has given such a mortgage for a present grossly inadequate consideration and such fact is alleged, such inference of intent to prefer or defraud would perhaps follow as matter of law, although I do not so decide, as it is unnecessary, but to give a mortgage, while insolvent, to secure an honest debt incurred in his business at the time the mortgage is given to carry on the business, or to secure an indorsement made at the time of giving a note which is for a present full consideration in carrying on his business, the mortgage being given at the same time, even if these acts are done within four months of filing the petition, is not necessarily an act of bankruptcy, as in such case there may not exist either an intent to hinder, delay, or defraud or to prefer one creditor over another. If the mortgage in question was given to secure a prior indorsement or prior indorsements, even pursuant to a prior agreement to give such security, it would show an intent to prefer one creditor over another. But here we have no allegation that the indorsements were not made at the time, or even that the mortgages were given to secure indorsements past or present, or that they were not given in due course of business for a present full and adequate consideration. The petition is silent as to the consideration. True, it says the mortgagees were indorsers, but it does not say the mortgages were given to secure such indorsements. Nor is there any allegation that the officers of the corporation knew of its insolvency when the mortgages were given. Neither does it affirmatively appear that, when the mortgages were given, the alleged bankrupt had other creditors. The petitioners were creditors when the petition was verified, but it is not alleged that they

were such when the mortgages were given. For anything that appears, the chattel mortgages were for money borrowed to pay off and satisfy all the debts owing by such corporation, if any, existing at the time such mortgages were given. If such was the case, there was neither intent to hinder, delay, or defraud, or to prefer one creditor over another. There must be an allegation either that the mortgages were given with intent to hinder, delay, and defraud the other creditors of the alleged bankrupt, or that they were given with intent to prefer the mortgagees over the other creditors of the corporation. The petition should also allege that there were other creditors, and that the debts or indorsements secured by the mortgages were pre-existing, or if then incurred or made that the mortgages were given for an inadequate consideration, etc., as the case may be.

The demurrer is sustained, but the petitioners may amend within 15 days after being served with a copy of the order to be entered pursuant hereto.