## In re HANYAN.

(District Court, S. D. New York. March 4, 1910.)

### No. 13,123.

1. BANKRUPTCY (§ 76*)—INVOLUNTARY PETITION—CREDITORS—QUALIFICATIONS.

Bankr. Act July 1, 1898, c. 541, § 59b, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3445), provides that three or more creditors who having provable claims against any person amounting in the aggregate to $500 or more, or, if all the creditors of such person are less than twelve in number, then one of such creditors whose claim equals such amount, may file a petition to have him adjudged bankrupt. *Held*, that it is not essential to the qualification of a creditor to sign an involuntary petition that he was a creditor at the time the alleged act of bankruptcy was committed; it being sufficient that he has a provable claim when the petition is filed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 50, 99, 100; Dec. Dig. § 76.*]

2. BANKRUPTCY (§ 166*)—ACTS OF BANKRUPT—PETITION—PREFERENCE.

Where an involuntary bankruptcy petition alleged that a chattel mortgage created a preference, it was not objectionable that there was no proof that it was made with an intent to hinder, delay, or defraud creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250–258; Dec. Dig. § 166.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of David I. Hanyan, bankrupt. On motion to confirm the report of a special master on issues raised by the involuntary petition and answer. Master's report, advising dismissal of the petition, disallowed.

Graham Witschief, for petitioning creditors.
James Jenkins, for alleged bankrupt.

HOLT, District Judge. This is a motion to confirm a report of a special master, to whom it was referred to take proofs on the issues raised by the involuntary petition and answer. The petition was filed by three persons, claiming to be creditors of the alleged bankrupt. It appeared on the face of the petition that one of the petitioning creditors became a creditor after the alleged act of bankruptcy was committed, and upon that ground the master reported in favor of the dismissal of the petition. This decision was based on the following statement in Collier on Bankruptcy (7th Ed.) p. 630:

"A creditor, who was not such at the time of the commission of an alleged act of bankruptcy, cannot petition his debtor into bankruptcy. This appears to be, not only the conclusion of the courts upon well-considered cases, but a reasonable construction. It is unquestionably based upon the well-established principle that creditors cannot complain of a conveyance by the debtor made prior to the time they became creditors, unless such conveyance was made with the direct purpose of defeating their claim."

Three cases arising under the present act are cited by the editor of Collier in support of this statement: In re Callison (D. C.) 130 Fed. 987, affirmed sub nom. Brake v. Callison, 129 Fed. 201, 63 C. C. A. 359; In re Brinckmann (D. C.) 103 Fed. 65; Beers v. Hanlin (D. C.) 99 Fed. 695. In each of these cases it appears that there was but one creditor at the time the alleged fraudulent conveyance or preference took place. Under such circumstances, of course, there could be no fraudulent intent or intent to prefer, and the cases might all have been properly decided on that ground. The opinions undoubtedly, however, contain assertions tending to support the statement in Collier, above quoted; and the master, therefore, naturally followed such authority in his conclusion.

Section 59b of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3445]), which authorizes the filing of an involuntary petition, is as follows:

"Three or more creditors who have provable claims against any person which amount in the aggregate, in excess of the value of securities held by them, if any, to five hundred dollars or over, or if all of the creditors of such person are less than twelve in number, then one of such creditors whose claim equals such amount may file a petition to have him adjudged a bankrupt."

There is nothing in this section, or in any other provision of the bankrupt act, requiring that a petitioning creditor should have been one at the time of the act of bankruptcy. All that the act requires is that he have a provable claim against the alleged bankrupt when the petition is filed. With entire respect for those who have intimated a different opinion, I am not able to see upon what ground courts have the right to impose additional conditions, not stated in the bankrupt

act, upon the right of any creditor having a provable claim to join in an involuntary petition. This is the view of Judge Ray (In re Hornstein [D. C.] 122 Fed. 266), although in that case the alleged qualification which it was claimed was implied in the section was different. See, also, In re Bevins, 165 Fed. 434, 91 C. C. A. 302. Property or money, transferred either fraudulently or as a preference, if recovered by the trustee, would be distributable in dividends among all the creditors, and not solely among those existing at the time of the transfer. The principles governing suits by judgment creditors to set aside fraudulent conveyances do not necessarily apply in all particulars to similar proceedings in bankruptcy.

The master, in his opinion, also states, in substance, that, in his opinion, the evidence does not establish that the chattel mortgage was made with intent to hinder, delay, or defraud creditors. But there is no allegation in the petition that the chattel mortgage was made with fraudulent intent. The allegation is that it was made with intent to create a preference. I think the proof shows clearly that it did create a preference, and that the mortgagor intended that it should create a preference. The proof of insolvency is also sufficient, in my opinion.

Upon the whole case, my conclusion is that on the evidence given there should be an adjudication in bankruptcy.