## In re VAN HORN.

### VAN HORN v. LEVISON et al.

(Circuit Court of Appeals, Third Circuit. December 20, 1917.)

#### No. 2287.

BANKRUPTCY ☞76(1)—PETITION—CREDITORS.

Under the provision of Bankruptcy Act, July 1, 1898, c. 541, 30 Stat. 544, that three or more creditors who have provable claims may petition, the date of filing the petition must be regarded as the date when provability of the claims is to be determined; and where the claims of the petitioning creditors were on that date provable, the petition is not subject to demurrer, though the claims of the petitioning creditors might not have been provable on the day when the act of bankruptcy occurred, for petitioning creditors obtain no priority over any other creditors, the purpose of the act being to secure equitable distribution of a bankrupt's property among all his creditors.

Petition for Revision of Proceedings of the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

In the matter of the bankruptcy of William D. Van Horn. Benno Levison and others filed an involuntary petition in bankruptcy against William D. Van Horn, and, his demurrer thereto being overruled, the alleged bankrupt petitions to revise. Affirmed.

Andrew B. Dunsmore and Paul J. Edwards, both of Wellsboro, Pa., for petitioner.

S. C. Sugarman, of New York City, for respondents.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. This was an involuntary petition, and the bankrupt demurred to it on the ground of insufficiency. The District Court overruled the demurrer, and the petition to revise asks us to reverse this order.

The bankrupt's principal objection is that, at the time when the acts of bankruptcy are charged to have been committed, it does not affirmatively appear that the claims of the petitioning creditors were in existence. The date of filing the involuntary petition is April 3, 1917, and the claims of the petitioning creditors are based on judgments that were entered on February 8 and February 20, while the acts of bankruptcy are averred in general terms to have been committed within four months before April 3. The petition, therefore, leaving it uncertain whether the claims supporting the judgments were or were not provable (for example, they may have arisen out of a tort), or whether the judgments themselves antedated or postdated the acts of bankruptcy, the bankrupt argues that the petition is too vague to be maintained. But the argument fails, if the Bankruptcy Act regards the date of filing the petition as the date when the provability of these claims is to be determined, and in our view this is the effective date. The point has given rise to some conflict in the reports, as may be seen by the cases cited in Collier (11th Ed. 1917), page 843, and in Black (1914), § 153; but we think the better reason is thus stated in the section just referred to from Black's treatise, which follows Re Hanyan (D. C.) 180 Fed. 498, affirmed (C. C. A. 2) 181 Fed. 1021, 104 C. C. A. 667:

"But it has been thought by some of the authorities that only those creditors could bring or join in the petition who had provable claims against the bankrupt at the time of the commission of the alleged act of bankruptcy. But these decisions proceed upon the mistaken theory that a petition in bankruptcy is analogous to a creditor's bill to set aside fraudulent conveyances, and hence maintainable only by those directly injured or defrauded. On the contrary, the whole purpose of the statute is to secure the equal distribution of the debtor's property among all his creditors alike, not to reward those whose superior activity has enabled them to unearth concealed assets or secure liens. When the bankrupt's estate shall have been collected by the trustee, it is for distribution among all the creditors whose claims have been proved and allowed, and the petitioning creditors have absolutely no higher rights than any other creditors. Further, there are acts of bankruptcy upon which a petition may be maintained which have nothing to do with the giving of preferences or the transfer or concealment of assets, and as to which, therefore, the supposed analogy breaks down. Finally the courts are not justified in adding to the statute a qualification or condition which it does not express. It merely provides that 'three or more creditors who have provable claims' may petition; it does not require that the claims should have been in existence and should have been provable at a time anterior to the filing of the petition. We think therefore that the better reason is clearly with those authorities which reject this qualification, and hold that it is only necessary that the petitioning creditors should have provable claims at the time they sign the petition."

In our opinion paragraphs I and II of section 4 of the amended petition are sufficiently definite, but paragraphs III, IV, and V are insufficient.

The order overruling the demurrer is affirmed.