### DYKES v. LITTLE et al. *

Circuit Court of Appeals, Eighth Circuit.
December 26, 1928.

No. 8258.

Robert B. Keenan, of Tulsa, Okl., for appellant.

Frank T. McCoy, of Pawhuska, Okl. (John T. Craig, of Pawhuska, Okl., on the brief), for appellees.

*Rehearing granted.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges, and REEVES, District Judge.

COTTERAL, Circuit Judge. The appellant complains on this appeal of the dismissal, on motion of Mary E. Little, of a creditors' bill he filed on October 1, 1926, against her, G. R. Little, and H. R. Little.

The bill alleges that on January 27, 1926, the bank of which he is receiver obtained judgment in a state district court against G. R. and H. R. Little for $24,874.44 and interest, on which an execution was issued and was returned, "No property found"; that on December 14, 1923, G. R. Little conveyed certain lots of real estate to Mary E. Little, his wife, without consideration and with the intent to defraud his creditors and defeat the collection of the judgment. The prayer of the bill is that the deed be canceled and the property sold for distribution of the proceeds to creditors.

On plaintiff's suggestion of the death of G. R. Little, on October 9, 1926, the cause was revived against his executrix, Mary E. Little. She moved to dismiss the bill on the ground that the claim of plaintiff was not presented against the estate within the period of notice she gave to creditors. On motion of H. R. Little, the bill was dismissed as to him. The plaintiff amended his bill, alleging the appointment of the executrix, the revivor of the suit, and the presentation of his claim in due time to her attorneys, exhibiting the inventory of the estate, which omitted the lots described in the bill but included four other lots and $816.01 cash in bank, and further alleging that two of those lots had been sold under foreclosure and the two other lots were in process of foreclosure, that the estate was hopelessly insolvent, that there was no property out of which plaintiff's claim could be satisfied, and that he had no adequate remedy at law.

By a later amendment of the bill, it was alleged a copy of plaintiff's claim submitted to the attorneys was attached but withdrawn for use in a future hearing. The executrix filed a "plea in bar" and motion to dismiss, denying the presentation of the claim except for the purpose of compromise. The plea and motion were heard on January 3, 1928, and the plea being confessed by the plaintiff was sustained, and the bill was dismissed with prejudice as to the executrix.

On March 19, 1928, Mary E. Little filed a motion to dismiss the bill, and on May 17, 1928, it was sustained; and the plaintiff electing to stand on the bill and not plead further,

it was dismissed with prejudice. This is the final order from which the appeal is taken. The grounds of the motion were: (1) The nonjoinder of necessary and indispensable parties, (2) insufficient facts pleaded for relief, and (3) the plaintiff has an adequate remedy at law.

Of the questions argued to this court, the first we notice is whether the suit was barred by laches of the plaintiff. Counsel for appellee contends it was unnecessary for the plaintiff to obtain the judgment at law and that after the property was conveyed by G. R. Little there was undue delay in bringing suit, beyond the limitation period of two years, fixed by the Oklahoma law, in actions for relief from fraud (section 185, Comp. Okl. Stat. 1921, subd. 3), wherefore by analogy with that law, the plaintiff was guilty of laches in instituting this equity suit, citing Kelley v. Boettcher (C. C. A.) 85 F. 55.

The Oklahoma Supreme Court has held that under the state law a creditors' suit is authorized without first reducing a plaintiff's demand to judgment. Section 6016, Comp. Okl. Stat. 1921. Adams v. Wallace, 94 Okl. 73, 220 P. 872. But that court has also expressly held the limitation in a suit of this nature is operative only from the date of the judgment. Ziska v. Ziska, 20 Okl. 634, 95 P. 254, 23 L. R. A. (N. S.) 1. As this suit was brought within nine months after the conveyance, it was not barred in a state court.

However, as the appellant was proceeding in a federal court for equitable relief, it was quite necessary for the bank's demand to be first put in judgment. Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763. And in the absence of any showing that he was guilty of undue delay in prosecuting the action at law to judgment, there is no tenable ground for applying the doctrine of laches to him.

Another question much discussed by counsel is whether the appellant's suit failed as to Mary E. Little for want of presentation of his claim to the estate. The contention that it should be based on the misconception that the plaintiff had no lien on the property. Where no levy is made, a judgment does not create any lien on real estate previously transferred. Section 690, Comp. Okl. Stat. 1921; Luhrs v. Hancock, 181 U. S. 567, 21 S. Ct. 726, 45 L. Ed. 1005. But a creditors' suit and process create a lien on property specifically described and sought to be reached and effects an equitable levy on it. Miller v. Sherry, 2 Wall. 237, 17 L. Ed. 827; Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122. And that process was

served in this case on G. R. Little is implied from the revivor of the suit. The plaintiff was not entitled to share in the assets of the estate. But this is immaterial, as he did not seek that relief. He was entitled to pursue the specific property and enforce his lien against it by his suit for that purpose.

An allied question is whether the bill could be maintained as to Mary E. Little, after its dismissal against her as executrix. We are precluded from considering whether the dismissal was warranted, as, in the absence of an appeal or other proceeding to vacate the order, it was a final adjudication between the parties. The authorities are in conflict as to whether the grantor in a deed assailed for fraud, or his representative, is a necessary party in a creditor's suit. But we are bound to hold that the absence of such party requires a dismissal of the bill. Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 13 S. Ct. 691, 37 L. Ed. 577. See American Surety Co. v. Conway (D. C.) 222 F. 140; 5 Ency. Pl. & Pr. p. 542. The order of dismissal was required on this ground.

There is another objection to the bill which leads to the same result, and that is it contains no averment that plaintiff's demand was in existence when the property was conveyed by G. R. Little to his wife. That fact must appear, as creditors are not concerned in transactions before their claims arise, and even a voluntary conveyance is valid as against subsequent creditors. Horbach v. Hill, 112 U. S. 144, 5 S. Ct. 81, 28 L. Ed. 670; 27 C. J. 723. Of course, if a fact must be proved, it must be alleged. We are referred to cases where, on appeal, it was deemed proper to direct the allowance of amendments to cure defective pleadings. But the privilege was waived in this case, as the dismissal was entered only when the plaintiff elected to stand upon the bill and not to plead further.

The order appealed from should be, and it is accordingly, affirmed.