## ALLEN v. COLLINS et al. *
### No. 8930.

Circuit Court of Appeals, Eighth Circuit.
Sept. 8, 1931.

George B. Thummel, of Omaha, Neb., for appellant.

*Rehearing denied October 28, 1931.

H. E. Burkett, of Hartington, Neb., for appellees.

Before KENYON and BOOTH, Circuit Judges, and OTIS, District Judge.

OTIS, District Judge.

One Edwin E. Collins was in 1928 and prior thereto the cashier, a director, and the owner of seventy-three shares of the stock of the Hartington National Bank at Hartington, Neb. Finding that bank to be insolvent, the Comptroller of the Currency on December 22, 1928, made an assessment on all its shareholders, including an assessment of $7300 upon the stock held by Edwin E. Collins. Thereafter the receiver appointed by the Comptroller, being the appellant here, brought suit against Collins and had judgment for the amount of the assessment. The present action was brought to set aside as fraudulent and without consideration a mortgage of certain real estate in Cedar county, Neb. (purporting to secure an indebtedness of $15,000) from Edwin E. Collins to his sister-in-law, C. Sophia Collins, and to have appellant's judgment for $7300 declared a lien on that real estate. The defense of appellee C. Sophia Collins (Edwin E. Collins made no defense) in the court below was that the mortgage in question had been executed "in good faith and for the full consideration of fifteen thousand dollars."

The mortgage was executed August 21, 1928. A day earlier, August 20, 1928, the directors of the Hartington National Bank had met for the purpose of acting on a letter received August 11, 1928, from the Comptroller of the Currency directing that an impairment in the capital of the bank be made good by an assessment on the stockholders. Edwin E. Collins, who was present and participating in the meeting of August 20 and who had no property other than the Cedar County farm, against which there was then a first deed of trust securing a $14,000 debt, knew on August 21, that he was or would shortly be liable to an assessment on his stock. Knowing that he nevertheless conveyed his only property to his sister-in-law, appellee.

The appellee C. Sophia Collins admits here that in the situation described, where a conveyance of real estate which will hinder, delay, or defraud creditors is made to a near relative, the Nebraska law places on the grantee the burden of showing by clear and satisfactory evidence that the transaction was, as to the grantee at least, a good-faith

transaction supported by a valuable consideration. Ayers v. Wolcott, 66 Neb. 712, 92 N. W. 1036; Bartlett v. Cheesbrough, 23 Neb. 767, 37 N..W. 652. The record shows that the appellee assumed that burden. Did she sustain it? If she did, it is unnecessary to consider whether the Nebraska rule as to burden of proof is the rule in a federal court of equity. But see Gottlieb v. Thatcher, 151 U. S. 271, 14 S. Ct. 319, 322, 38 L. Ed. 157, where it was said by the Supreme Court: "The relationship of the parties [to a transaction involving the transfer of lands] does not, of and in itself, cast suspicion upon the transaction, or create such a prima facie presumption against its validity as would require the court to hold it to be invalid without proof that there was fraud on the part of the grantor, participated in by the grantee. This proposition is so well settled that authorities need not be cited in its support."

We have considered de novo the testimony and evidence and have reached the conclusion that the appellee did by evidence sufficiently clear and satisfactory show that so far as she was concerned the transaction by which she received title to the Cedar county farm was bona fide and supported by a valuable consideration. The only witnesses produced were those called by the appellee. She herself testified, her daughter and agent testified, Edwin E. Collins, the grantor in the mortgage, testified, and the testimony of all was to the effect that the mortgage in question was executed in consideration of $15,000 actually paid to Edwin E. Collins by C. Sophia Collins either in cash or in high-grade securities at different times and in different amounts and pursuant to an oral understanding or agreement had between C. Sophia Collins, the appellee, her husband, Henry S. Collins, and her daughter, on the one hand, and Edwin E. Collins, on the other hand, in March, 1926. At that time Edwin E. Collins was in need of funds although the exact amount he would require was uncertain. The agreement was that after it was ascertained what he needed, or "if anything would happen in the meantime to Mr. H. S. Collins," he would give C. Sophia Collins a second mortgage on his Cedar county farm. H. S. Collins (Henry S. Collins, the husband of C. Sophia Collins) died August 20, 1928. The mortgage was given, in accordance with the agreement, on the following day.

All of the witnesses testifying in the case testified that such a transaction as that described took place. If that was the transaction, then the appellee in taking the mortgage was acting in good faith and had given full consideration for it. That is sufficient to protect her whatever may have been the fraudulent purpose, if any, of the grantor. Gottlieb v. Thatcher, 151 U. S. 271, 14 S. Ct. 319, 38 L. Ed. 157; Horbach v. Hill, 112 U. S. 144, 5 S. Ct. 81, 28 L. Ed. 670; Prewit v. Wilson, 103 U. S. 22, 26 L. Ed. 360; Gage Bros. & Co. v. Burns, 78 Neb. 737, 111 N. W. 791.

[2, 3] The appellant's sole contention is that the positive testimony of the witnesses is overcome by improbabilities and incredible statements in the testimony. The rule of law that uncontradicted testimony is not necessarily conclusive if it is so improbable as to be unworthy of belief. [Quock Ting v. United States, 140 U. S. 417, 11 S. Ct. 733, 851, 35 L. Ed. 501; Reiss v. Reardon (8 C. C. A.) 18 F.(2d) 200] is urged upon us. Recognizing that rule, we think the record here sufficiently sustains the burden assumed by the appellee. Certainly it was sustained if the witnesses testified truthfully. The trial court, who saw and heard them, was in a far better position than is this court to pass on their credibility. That court accepted their testimony. This court is not justified in setting aside the judgment of that court when that could only be done on the theory that the witnesses believed by the trial judge testified falsely.

The judgment below is affirmed.