### In re WESTERN GEAR CO.

### In re IRELAND & MATTHEWS PROPERTIES CO.

#### No. 12190.

District Court, E. D. Michigan, S. D.
Nov. 12, 1931.

Bulkley, Ledyard, Dickinson & Wright, of Detroit, Mich., for petitioning creditor.

Fixel & Fixel, of Detroit, Mich., for bankrupt.

SIMONS, District Judge.

This is a motion by the bankrupt to dismiss an involuntary petition in bankruptcy filed against it, on the ground that such petition shows that the petitioning creditor therein was not a creditor of the bankrupt at the time of the commission of the act of bankruptcy charged in the petition.

The sole question now presented for decision is whether a person who was not a creditor of a bankrupt when the alleged act of bankruptcy was committed, but who is such a creditor when an involuntary petition in bankruptcy, based on such act, is filed against such bankrupt, is legally qualified to file such petition as a petitioning creditor, if he be otherwise qualified to do so. After careful

consideration, it seems entirely clear to the court that this question must be answered in the affirmative. In re Hanyan, 181 F. 1021 (C. C. A. 2); In re Van Horn, 246 F. 822 (C. C. A. 3); In re H. E. Page Motor Car Co. (D. C.) 251 F. 318.

The only provision of the Bankruptcy Act which appears to be pertinent to this subject is section 59b (11 USCA § 95(b), which provides as follows: "Three or more creditors who have provable claims against any person which amount in the aggregate, in excess of the value of securities held by them, if any, to $500 or over; or if all of the creditors of such person are less than twelve in number, then one of such creditors whose claim equals such amount may file a petition to have him adjudged a bankrupt."

This question was considered in the case of In re Hanyan (D. C.) 180 F. 498, the opinion in which was adopted and affirmed, without further opinion, by the Circuit Court of Appeals for the Second Circuit in Re Hanyan, 181 F. 1021. In that case the court, after quoting section 59b, said (on page 499 of 180 F.): "There is nothing in this section, or in any other provision of the bankrupt act, requiring that a petitioning creditor should have been one at the time of the act of bankruptcy. All that the act requires is that he have a provable claim against the alleged bankrupt when the petition is filed. With entire respect for those who have intimated a different opinion, I am not able to see upon what ground courts have the right to impose additional conditions, not stated in the bankrupt act, upon the right of any creditor having a provable claim to join in an involuntary petition."

In the case of In re Van Horn, 246 F. 822, on page 823, where the same question was presented, the same conclusion was expressed by the Circuit Court of Appeals for the Third Circuit in the following language:

"The point has given rise to some conflict in the reports, as may be seen by the cases cited in Collier (11th Ed. 1917), page 843, and in Black (1914), § 153; but we think the better reason is thus stated in the section just referred to from Black's treatise, which follows Re Hanyan (D. C.) 180 F. 498, affirmed (C. C. A. 2) 181 F. 1021, 104 C. C. A. 667:

" 'But it has been thought by some of the authorities that only those creditors could bring or join in the petition who had provable claims against the bankrupt at the time of the commission of the alleged act of bankruptcy. But these decisions proceed upon the mistaken theory that a petition in bankruptcy is analogous to a creditor's bill to set aside fraudulent conveyances, and hence maintainable only by those directly injured or defrauded. On the contrary, the whole purpose of the statute is to secure the equal distribution of the debtor's property among all his creditors alike, not to reward those whose superior activity has enabled them to unearth concealed assets or secure liens. When the bankrupt's estate shall have been collected by the trustee, it is for distribution among all the creditors whose claims have been proved and allowed, and the petitioning creditors have absolutely no higher rights than any other creditors. Further, there are acts of bankruptcy upon which a petition may be maintained which have nothing to do with the giving of preferences or the transfer or concealment of assets, and as to which, therefore, the supposed analogy breaks down. Finally, the courts are not justified in adding to the statute a qualification or condition which it does not express. It merely provides that "three or more creditors who have provable claims" may petition; it does not require that the claims should have been in existence and should have been provable at a time anterior to the filing of the petition. We think therefore that the better reason is clearly with those authorities which reject this qualification, and hold that it is only necessary that the petitioning creditors should have provable claims at the time they sign the petition.' "

The language just quoted points out the applicable considerations so fully and clearly that there appears to be no occasion for further extended discussion of the subject here. It would seem to be plain that there is no more reason for supposing that the only creditors of a bankrupt entitled to file an involuntary petition against him are those who were such creditors when the alleged act of bankruptcy was committed than there is for thinking that the only creditors entitled to file claims against a bankrupt are those who had such claims at the time of the commission of the act of bankruptcy alleged. Obviously, in view of the statutory character of the present bankruptcy law, it is within the exclusive province of Congress to prescribe such limitations as are to be provided with respect to these matters, and, no such limitations having been imposed by Congress, this court cannot do so. All of this is elementary and fundamental.

The case of Brake v. Callison, 129 F. 201, 202 (C. C. A. 5), is cited by the bankrupt in

646

support of its contention. An examination, however, of the opinion in that case indicates that the real question which was regarded by the court as there involved was, in the language of the opinion "whether, under the conditions shown by the petitioner at the date of the conveyance by the respondent, his conveyance of his property constituted an act of bankruptcy," and the reason for the dismissal of the involuntary petition was the absence of a showing that at the time of the alleged fraudulent conveyance charged as the act of bankruptcy there was any creditor as to whom such conveyance could be fraudulent. That case, therefore, is plainly distinguishable from the present one, and no other decision by any Circuit Court of Appeals has been cited,.and this Court knows of none, which sustains the contention here advanced by the bankrupt.

For the reasons stated, the motion to dismiss the involuntary petition must be denied. An order to that effect will be entered.