### In re CLARK.

### Ex parte GROVES LABORATORIES, Inc., et al.

### No. 4227.

District Court, E. D. South Carolina.

July 25, 1936.

J. D. Gilland, of Florence, S. C., for alleged bankrupt.

Wendell M. Levi, of Sumter, S. C., for petitioners.

MYERS, District Judge.

This matter is before me on motion to dismiss the involuntary petition in bankruptcy filed by three creditors on July 9, 1936, on the ground that there was not sufficient allegation of acts of bankruptcy as required by the statute.

■ The petition sets out that the bankrupt, while insolvent, on April 9, 1936, mortgaged all of his stock of merchandise and equipment and all additions, including all automotive equipment, notes, bills and accounts, and all other assets of said business to the bankrupt's brother, Vaughn Clark, with intent to prefer the said Vaughn Clark over his other creditors; said mortgage having been recorded April 14, 1936. It is submitted that petitioners' allegation is insufficient, in that it does not appear thereby that the mortgagee was an existing creditor at the time the mortgage was given, thereby creating a preference or indicating an intent to hinder, delay, or defraud the other existing creditors. In support of this ground for dismissal, the bankrupt cites In re Moscovitz (D.C.) 4 F.(2d) 873, in which similar language was held insufficient as an allegation that the person so alleged to have been preferred was a creditor. I am unable to follow the Moscovitz Case. The statement that the mortgage was given with intent to prefer the mortgagee over other creditors of the bankrupt can only be reasonably construed as having the same legal effect as an allegation that the mortgagee was a creditor would have had. See In re Flint Hill Stone & Construction Co. (C.C.) 149 F. 1007.

■ A further ground for the motion is that the allegation in the petition that the creditors have provable claims in specified amounts is not sufficient, but that they must show that they had provable past-due claims at the time of the alleged act of bankruptcy. This question is ably disposed of by Judge Simons in Re Western Gear Co. (In re Ireland & Matthews Properties Co.), (D.C.) 53 F.(2d) 644, 645, in which, after a discussion of the authorities, the court says: "It would seem to be plain that there is no more reason for supposing that the only creditors of a bankrupt entitled to file an involuntary petition against him are those who were such creditors when the alleged act of bankruptcy was committed than there is for thinking that the only creditors entitled to file claims against a bankrupt are those who had such claims at the time of the commission of the act of bankruptcy alleged. Obviously, in view of the statutory character of the present bankruptcy law, it is within the exclusive province of Congress to prescribe such limitations as are to be provided with respect to these matters, and, no such limitations having been imposed by Congress, this court cannot do so. All of this is elementary and fundamental."

The objections to the sufficiency of certain other alleged acts of bankruptcy set out in the petition appear to be well taken, but do not affect the decision on the motion to dismiss.

It is therefore ordered that the motion to dismiss be, and the same is hereby, denied. Let the alleged bankrupt have twenty days from the date of the filing of this order within which to answer.