Morris ZLOT, Isabel Zlot and Rose Lee Susnow, Appellants,

v.

SAN JOSE FASHIONS, INC., Appellee.

No. 16713.

United States Court of Appeals
Ninth Circuit.

Oct. 24, 1960.

Rehearing Denied Dec. 12, 1960.

**470**

Engelberg & Engelberg, Claire Engelberg and Nathan Engelberg, Richmond, Cal., for appellants.

Dinkelspiel & Dinkelspiel, Norman Coliver, John F. Taylor, San Francisco, Cal., for appellee.

Before ORR, MERRILL and KOELSCH, Circuit Judges.

## PER CURIAM.

This appeal is taken from an order dismissing an involuntary petition in bankruptcy. The sole act of bankruptcy alleged was:

"Within four months, next preceding the filing of this petition, the said San Jose Fashions, Incorporated, a California corporation, committed acts of bankruptcy by making preferential transfers while the debtor was insolvent and the effect of which was to enable the transferee to receive a greater portion of his debt than some other creditor."

The dismissal was upon the ground that such a petition, based upon preferential transfers, is subject to dismissal if it does not appear that there were any other creditors at the time of the transfers except the preferential transferees. See Brake v. Callison, 5 Cir., 1904, 129 F. 201; In re Flint Hill Stone & Construction Co., D.C.N.D.N.Y., 1907, 149 F. 1007; 1 Collier, Bankruptcy (14th Ed.) § 3.207. Petitioners did assert that at the time of the filing of the petition rentals were due from the debtor. It appears from the petition, however, that these rentals did not become due until after the alleged preferential transfers. Appellee therefore asserts that the petition upon its face demonstrates that petitioners were not creditors of the bankrupt at the time of the alleged preferential transfers.

It does not appear from the record, confined as it is to the allegations of the petition, whether the circumstances surrounding the alleged preferential payments were such as to constitute those payments an anticipatory breach of the lease by having rendered the debtor unable to meet his contract obligations. However, it would appear that the possibility of anticipatory breach is implicit in the allegations of the petition and in the contentions of the appellants upon this appeal.

Appellants have not sought leave to amend, choosing instead to appeal upon the unamended petition. This choice was ill-advised. In the interests of justice, however, and in view of General Orders 11 and 37, we feel that appellants should not be foreclosed of opportunity to ask leave to amend, should they choose to avail themselves of it. Cf., Kroell v. New York Ambassador, 2 Cir., 1939, 108 F.2d 294.

Affirmed without prejudice to the right of appellants to apply to the District Court for leave to amend the petition herein.